UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00327-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF. No. 14) |

On April 5, 2021, Plaintiff filed a motion for reconsideration. (ECF No. 14). For the reasons described in this order, the Court will deny the motion.

**I.    BACKGROUND**

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed the complaint commencing this action on March 1, 2021. (ECF No. 1). Plaintiff alleges that he was subjected to two strip searches within five days. Plaintiff does not challenge the first strip search, but appears to allege that, in forcing Plaintiff to submit to a second strip search, Defendants violated his First, Fourth, and Eighth Amendment rights.

On March 24, 2021, the Court issued a screening order. (ECF No. 11). The Court found that Plaintiff's complaint failed to state any cognizable claims. As to Plaintiff's Fourth Amendment claim, the Court stated that:

> Plaintiff has not sufficiently alleged that the second strip search was unreasonable. Plaintiff is a prisoner, and has only "a limited right to bodily privacy." Michenfelder, 860 F.2d at 333. The search itself, while invasive, appears to have been conducted in relative privacy. Plaintiff appears to allege that only one officer conducted the search, and there is no indication that anyone else was able to view Plaintiff during the search.
>
> It is not clear if Plaintiff was ever told why he was subjected to the second strip search, but in any event, there are no allegations in the complaint suggesting that the search was conducted to harass Plaintiff or that it was unrelated to any legitimate penological interest. Plaintiff does allege that he was strip-searched twice in five days, but there was a gap between the first and second search, and the second search occurred during a wide-spread search of "A" yard. There are no allegations suggesting that this wide-spread search was conducted to harass Plaintiff.
>
> Thus, Plaintiff has failed to sufficiently allege that the search was unreasonable.

(ECF No. 11, pgs. 7-8).

As to Plaintiff's First Amendment retaliation claim, the Court stated that, "[a]s described above, it does not appear that the search was unconstitutional. Moreover, there is no constitutional right for an inmate to refuse a search. Thus, Plaintiff has not sufficiently alleged that he was retaliated against because of his protected conduct. Accordingly, Plaintiff has failed to state a retaliation claim against any defendant." (Id. at 8-9).

As to Plaintiff's Eighth Amendment Sexual Harassment Claim, the Court stated that "[i]t is not clear if Plaintiff is attempting to bring a sexual harassment claim. To the extent that he is, he has failed to state a claim against any defendant. There are no allegations suggesting that any officer touched Plaintiff in a sexual manner or that any officer otherwise engaged in any sexual conduct." (Id. at 9-10).

The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 10-11). Plaintiff's deadline to respond to the screening order has not yet run.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

2

> inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (citation and internal quotation marks omitted).

### III.     ANALYSIS OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff states that he is requesting reconsideration because the Court is requiring him to prove his claims, which he does not have to do at the screening stage. Plaintiff believes that he pled sufficient facts in the complaint to state a claim under the First, Fourth, and Eighth Amendments.

Plaintiff is correct that he does not have to prove his claims at the screening stage. However, the Court is not requiring him to do so. Instead, as laid out in the screening order, the Court took Plaintiff's factual allegations as true and construed the factual allegations liberally. (ECF No. 11, p. 2). Even so, the Court found that "Plaintiff's complaint fails to state any cognizable claims." (Id. at 10). The Court granted leave to amend so that he could fix the deficiencies identified by the Court. In granting leave to amend, the Court did not require Plaintiff to provide evidence. Instead, it is giving him the opportunity to include additional factual allegations regarding his claims. (Id. at 1).

As Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting reconsideration, Plaintiff's motion for reconsideration will be

denied.

### IV. ORDER

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 14) is DENIED.

The Court notes that Plaintiff's deadline to respond to the screening order remains April 30, 2021.

IT IS SO ORDERED.

Dated: __April 8, 2021__         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE