UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELLY SANTORO, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-00327-NONE-EPG (PC)<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S CLAIMS<br><br>(Doc. Nos. 16, 18) |

Kristin Hardy ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action proceeds on plaintiff's first amended complaint against all named defendants for violations of plaintiff's First and Fourth Amendment rights in connection to strip searches conducted between January 1 and January 6, 2019. (*See* Doc. No. 16.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 7, 2021, the assigned magistrate judge entered findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to state a claim. (Doc. No. 18.) Plaintiff was provided an opportunity to file objections to those findings and recommendations and did so on June 1, 2021. (Doc. No. 19.) In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully

/////

reviewed the entire file, the court adopts the findings in recommendations in part and declines to adopt them in part.

In his complaint plaintiff alleges as follows.  Plaintiff was subjected to unclothed body searches at North Kern State Prison on January 1, 2019 and January 6, 2019.  After being searched on January 1, plaintiff refused to consent to a fully unclothed search by defendant Valencia on January 6.  Plaintiff was then escorted to a holding cage in the prison gymnasium.  Plaintiff alleges that defendants Moreno, Chavez, Dohs, and Ceballos surrounded the cage and tried to coerce plaintiff into removing his boxer shorts by verbally threatening to place plaintiff in restricted housing if he did not comply with their directives.  Defendant Ceballos then interjected that plaintiff would be charged with murder unless he submitted to the search.  Plaintiff was then placed in a full x-ray "low dose" body scanner, and no contraband was found on his person.

After plaintiff was scanned and returned to the gymnasium cage, defendant Ceballos refused to return plaintiff back to his assigned housing until he submitted to a fully unclothed search, despite having just been searched via body scanner.  According to plaintiff, he submitted to the fully unclothed search in fear of further punitive actions by prison staff.  Defendant Ceballos conducted the search of plaintiff's mouth, ears, hands, arms, and anal area; plaintiff does not suggest in the allegations of his complaint that anyone other than defendant Ceballos witnessed this search.  Plaintiff's assigned quarters were also searched, after which search he found his mail and legal documents scattered about.

Plaintiff alleges that the unclothed search conducted on January 6, 2019, violated his Fourth Amendment rights because the search was unnecessary and not based upon any reasonable suspicion that he possessed contraband.  (*See* Doc. Nos. 16 and 19.)  Plaintiff further alleges that both the January 6 searches were conducted in retaliation for plaintiff's previously filed inmate appeals challenging four cell and body searches conducted by correctional staff at North Kern State Prison to which he was subjected between August 16, 2017 and June 22, 2018.  Plaintiff does not allege that the defendants conducting the January 6, 2019 strip search knew or had any reason to know about plaintiff's prior inmate appeals.  Accordingly, the magistrate judge properly found that plaintiff did not sufficiently allege a claim of retaliation against those defendants.  The

magistrate judges also properly recommended the dismissal of plaintiff's claims brought against prison administrators and supervisors because plaintiff did not allege in his complaint a specific connection between those defendants and the allegedly unreasonable search.

With respect defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, however, the undersigned concludes that the allegations of plaintiff's complaint are sufficient to survive screening and warrant a response from defendants. The Fourth Amendment applies to the invasion of bodily privacy in prisons. *Bull v. San Francisco*, 595 F.3d 964, 947–975 (9th Cir. 2010); *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). The Supreme Court has recognized that inmate searches may be unreasonable where they are "unnecessary" or "unjustified response[s] to problems of jail security." *Florence v. Bd. Of Chosen Freeholders of Cnty. Of Burlington*, 566 U.S. 318, 322–323 (2012).

Low-dose scanners like the one used in the first January 6, 2019 search of plaintiff "scan the whole body in seconds, detecting the presence of contraband secreted or ingested inside the human body." Notice of Proposed Regulatory Action for Cal. Code Regs. tit 15 § 3287(b), (c) at 3. As such, according to at least a facial reading of California Regulations, "the use of this device *eliminates* the need for an inmate to be subject to an unclothed body search." *Id*. Yet, according to the allegations of plaintiff's complaint, immediately after plaintiff's full body was scanned and despite the fact that plaintiff was in the custody of the correctional officers after that body scan, he was subjected to an additional strip search without obvious justification. Several circuit courts have allowed inmates to pursue Fourth Amendment claims where, as here, the inmate was subjected to multiple searches despite having no opportunity to obtain contraband between inspections. *See Turkmen v. Hasty*, 789 F.3d 218, 261 n.44 (2d Cir. 2015) (strip searches where an inmate has had no opportunity to acquire contraband may be unnecessary and therefore such allegations are sufficient to state a constitutional claim) (citing *Hodges v. Stanley*, 712 F.2d 34, 35–36 (2d. Cir. 1983)); *see also Parkell v. Danberg*, 833 F.3d 313, 329 (3d Cir. 2016) (denying summary judgment because a disputed issue of material fact existed regarding whether the strip search of the inmate was constitutionally reasonable where that inmate had no opportunity to procure contraband.).

3

Accordingly,

1. The findings and recommendations issued on May 7, 2021, (Doc. No. 18), are adopted in part;
2. This action shall proceed on plaintiff's claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos for violation of plaintiff's right against unreasonable search and seizure;
3. All other claims and defendants are dismissed from this action due to plaintiff's failure to state a cognizable claim; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **November 16, 2021**

/s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE