UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MORENO, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00327-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 41)<br><br>SCREENING ORDER<br><br>ORDER DIRECTING CLERK TO DOCKET LODGED SECOND AMENDED COMPLAINT (ECF NO. 35)<br><br>ORDER DIRECTING CLERK TO SERVE COPY OF THIS ORDER AND COPY OF LODGED SECOND AMENDED COMPLAINT (ECF NO. 35) ON DEFENDANT CEBALLOS |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 16, 2021, District Judge Dale A. Drozd found that Plaintiff's First Amended Complaint ("FAC") should proceed on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after he was subjected to a full body scan, he was immediately subjected to an additional strip search without obvious justification. (ECF No. 22). All other claims and defendants were dismissed. (Id.).

On January 26, 2022, Plaintiff filed a motion for leave to amend, along with a Proposed

Second Amended Complaint.  (ECF Nos. 34 & 35).  The Court denied Plaintiff's motion because Plaintiff failed to explain the changes that he was attempting to make to his complaint, but gave Plaintiff leave to renew the motion with this explanation.  (ECF No. 36).

On February 9, 2022, Plaintiff renewed his motion for leave to amend.  (ECF No. 41). Plaintiff explains that he is attempting to amend his First Amended Complaint ("FAC") to "accurately reflect the remaining claim and defendants."  Plaintiff "merely seeks to 'clean up' his FAC…."  (Id. at 3).

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several limitations.  Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732.

Given the stage of this case, and that Plaintiff is only seeking to amend his FAC to remove the claims and defendants that the Court dismissed, the Court will grant Plaintiff's motion.  Additionally, for the reasons stated in Judge Drozd's screening order filed on November 16, 2021 (ECF No. 22), the Court finds that this case should continue to proceed on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after he was subjected to a full body scan, he was immediately subjected to an additional strip search without obvious justification.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff's renewed motion for leave to amend is GRANTED;
2. The Clerk of Court is directed to file Plaintiff's lodged Second Amended Complaint (ECF No. 35);
3. This case continues to proceed on Plaintiff's claims against defendants Valencia,

>Moreno, Chavez, Dohs, and Ceballos for violation of Plaintiff's right against unreasonable search and seizure;
>
>4. The Clerk of Court is directed to mail a copy of this order and Plaintiff's lodged amended complaint (ECF No. 35) to defendant Ceballos at the confidential address listed in ECF No. 37-1.  The Clerk of Court shall not disclose this address on the docket entry; and
>
>5. Defendants have until March 9, 2022, to respond to Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated: __**February 11, 2022**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE