UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>    Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00327-DAD-EPG (PC)<br><br>ORDER HOLDING MOTION FOR DEFAULT JUDGMENT IN ABEYANCE<br><br>(ECF No. 50) |

      Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 28, 2022, Plaintiff filed a motion for default judgment against defendant Ceballos (ECF No. 50), which is now before the Court. No party has filed an opposition to Plaintiff's motion, and the deadline to do so has now expired. See Local Rule 230(l). Nevertheless, for the following reasons, the Court will hold the motion in abeyance.

      This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without obvious justification. (ECF Nos. 22, 42, & 43).

      Defendant Ceballos has not appeared or otherwise offered a defense, and Plaintiff has obtained a clerk's entry of default against defendant Ceballos and has filed a motion for default judgment. (ECF Nos. 48 & 50).

Upon consideration, the Court will hold the motion for default judgment in abeyance. Federal Rule of Civil Procedure 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  However, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (footnote omitted).  This rule extends "to defendants who are similarly situated, even if not jointly and severally liable." Id.; Sunbelt Rentals, Inc. v. Three Bros. Elec. Contractors, Inc., 2022 WL 134921, at *3 (E.D. Cal. Jan. 14, 2022) (noting discretion afforded by Rule 54(b) but citing case law concluding that default judgement should not be entered against "a non-answering defendant while the action is proceeding against answering defendants"), report and recommendation adopted, 2022 WL 329328 (E.D. Cal. Feb. 3, 2022).

Here, based on Plaintiff's allegations, Defendants are similarly situated.  This action is proceeding against Defendants based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without obvious justification.  "At the very least, the claims, facts, and legal issues asserted in the complaint relative to each of the [] defendants are quite similar." Sunbelt Rentals, Inc., 2022 WL 134921, at *4.  Further, this case is still proceeding against all defendants except defendant Ceballos.

Accordingly, IT IS ORDERED that Plaintiffs' motion for default judgment (ECF No 50) is held in abeyance until judgment is appropriate for the remaining defendants or upon further order of the Court.

IT IS SO ORDERED.

Dated:   **April 22, 2022**                           /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE