UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>                    Plaintiff,<br><br>    v.<br><br>R. MORENO, et al.,<br><br>                  Defendants. | Case No. 1:21-cv-00327-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA *DUCES TECUM*, WITHOUT PREJUDICE<br><br>(ECF No. 62) |

      Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      On June 6, 2022, Plaintiff filed a motion for the issuance of a subpoena *duces tecum*. (ECF No. 62). Plaintiff asks for permission to subpoena documents from Kern Valley State Prison and various California Department of Corrections and Rehabilitation officials. In particular, Plaintiff requests the confidential appeal inquiry with Log No. NKSP-A-19-0135, which is dated February 21, 2022, and the confidential inquiry with Log No. 1901123, which is dated July 8, 2019. Plaintiff also requests all electronically stored information related to the confidential inquiries.

      The Court will deny Plaintiff's motion, without prejudice. The Court informed Plaintiff that:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and

1

    from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a subpoena duces tecum, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 58, p. 4).

    Plaintiff identified the documents he is seeking and the entity he is seeking them from. He also explained why he believes the documents are relevant to his case. However, while Plaintiff argues that the documents are not available through a request for production of documents, Plaintiff has not adequately shown that this is so. In their scheduling statement, Defendants indicated that they "do not believe that a third-party subpoena directed to CDCR will be necessary to obtain relevant documents." (ECF No. 55, p. 4). Despite this, Plaintiff did not request the documents from Defendants before filing this motion. And while Plaintiff may be correct that Defendants will object to the discovery requests on the basis of confidentiality or privilege, if they do so, Plaintiff may at that time file a motion to compel further discovery responses. The Court notes that if Defendants object on the basis of privilege, they are required to provide a privilege log to Plaintiff. (ECF No. 58, p. 3). Failure to provide a privilege log will result in waiver of the privilege. (Id.).[1]

    If Defendants object to the discovery request(s) because the documents are in the possession, custody, or control of the CDCR and not Defendants, Plaintiff may renew his motion for the issuance of a subpoena.

    Accordingly, IT IS ORDERED that Plaintiff's motion for the issuance of a subpoena *duces*

---

[1] Plaintiff also asks the Court to make a ruling on potential confidentiality and/or privilege objections. As no such objections have been asserted, the Court will not make a ruling at this time. As mentioned above, if such objections are asserted, Plaintiff may file a motion to compel, and the Court will address the issues at that time.

The Court also notes that "if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege or confidentiality, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence should be withheld." (ECF No. 58, pgs. 3-4) (footnote omitted).

*tecum* is DENIED, without prejudice to Plaintiff renewing the motion if Defendants respond to Plaintiff's discovery requests by stating that the requested documents are not in their possession, custody, or control.

IT IS SO ORDERED.

Dated: **June 14, 2022**                         /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE