UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. MORENO, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00327-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF CONTEMPT OF COURT<br><br>(ECF No. 69) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 22, 2022, Plaintiff filed a motion for an order of contempt of court. (ECF No. 69). For the reasons that follow, the Court will deny Plaintiff's motion.

I.   **BACKGROUND**

This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without obvious justification. (ECF Nos. 22, 42, & 43).

Defendant Ceballos has not appeared or otherwise offered a defense, and Plaintiff has obtained a clerk's entry of default against defendant Ceballos. (ECF No. 48). On March 28, 2022, Plaintiff filed a motion for default judgment against defendant Ceballos (ECF No. 50), which the Court "held in abeyance until judgment is appropriate for the remaining defendants

1

or upon further order of the Court" (ECF No. 54, p. 2).

On July 22, 2022, Plaintiff filed a motion for an order of contempt of court (ECF No. 69), which is now before the Court.

## II. PLAINTIFF'S MOTION

Plaintiff alleges that the Court ordered defendant Ceballos to respond to his complaint. All other defendants filed an answer, but defendant Ceballos failed to respond. Thus, Plaintiff argues that defendant Ceballos is in contempt of court.

Plaintiff argues that the Court should serve notice on defendant Ceballos that civil contempt proceedings have commenced and give him an opportunity to be heard. If after receiving this notice defendant Ceballos still does not respond, Plaintiff asks that he be sanctioned $500 a day until he responds. Plaintiff also asks for an award $350 in losses, which is equal to the cost of this suit.

## III. LEGAL STANDARDS

The Court has inherent authority to issue sanctions. "[I]t is firmly established that [t]he power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for [t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (alterations in original) (citations and internal quotation marks omitted). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that [the] conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); see also Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir. 2003) ("Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct"). Furthermore, "inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

"A court may wield its civil contempt powers for two separate and independent

purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) (citation and internal quotation marks omitted).

## IV.     ANALYSIS

Plaintiff is correct that the Court ordered defendant Ceballos to respond to the complaint (ECF No. 23, p. 1), and that defendant Ceballos did not respond to the complaint as ordered by the Court.  However, given that alternative sanctions are available and adequate, the Court will not use its inherent authority to issue contempt sanctions, and will thus deny Plaintiff's motion.

The Court has already held defendant Ceballos in default, meaning at this time defendant Ceballos cannot defend this case.  Moreover, defendant Ceballos now faces the possibility of a default judgment being entered against him.  Thus, defendant Ceballos already faces sanctions for not responding to the complaint as ordered by the Court.  Plaintiff has not provided any explanation as to how these sanctions are insufficient, and the Court sees no reason to apply additional or different sanctions pursuant to its inherent powers in this case. Chambers, 501 U.S. at 44 ("[I]nherent powers must be exercised with restraint and discretion.").

Moreover, the Court does not find any exceptional circumstances distinguishing this case from other cases where a defendant fails to respond to a complaint and faces a default judgment.  Given that default and related proceedings are the ordinary procedures for a non-responding party, the Court does not see any reason to impose additional sanctions here.

As to Plaintiff's request for the Court to direct defendant Ceballos to pay Plaintiff $350 in losses, which is equal to the cost of this suit, Plaintiff has not explained how these alleged losses are connected to defendant Ceballos's failure to respond to the complaint as ordered by the Court.  The Court notes that the United States Marshals Service served defendant Ceballos, not Plaintiff.  (ECF No. 37).  Furthermore, Plaintiff is proceeding *in forma pauperis* in this action (ECF No. 9), and he has not submitted any evidence suggesting that he has paid any portion of the cost of this suit.  Accordingly, the Court will also deny Plaintiff's request for

$350 in losses.

## V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for an order of contempt of court (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated:  **July 25, 2022**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE