UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>           Plaintiff,<br><br>    v.<br><br>R. MORENO, et al.,<br><br>           Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 76) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 2, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 76). Plaintiff asks for appointment of counsel because he is not able to conduct his own investigation due to his confinement; because discovery is likely to yield little evidence needed to prove his claim; because counsel may be able to figure out why defendant Ceballos has refused to appear; and because counsel could help Plaintiff handle objections and other matters related to his deposition. Plaintiff also argues that Federal Rule of Civil Procedure 26(c) gives the Court authority to appoint counsel because it allows the Court to designate persons to be

\\\

\\\

1

present at depositions.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. As to Plaintiff's argument that Federal Rule of Civil Procedure 26(c)(1)(E) gives the Court authority to appoint counsel to represent him in this case, Plaintiff cites to no authority in support of this argument, and the Court is aware of none.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

\\\
\\\
\\\
\\\
\\\

---

[1] Federal Rule of Civil Procedure 26(c)(1)(E) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "designating the persons who may be present while the discovery is conducted."

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.[2]

IT IS SO ORDERED.

Dated: __September 6, 2022__    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also asks the Court to stay his deposition in order to give counsel time to review the case. As the Court is denying Plaintiff's request for counsel, this request is also DENIED. However, the Court notes that, based on the assertions in Defendants' motion to compel Plaintiff's deposition, no deposition is scheduled at this time. (ECF No. 74-2, p. 3).