UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY, <br><br> Plaintiff, <br><br> v. <br><br> R. MORENO, et al., <br><br> Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA *DUCES TECUM* <br><br> (ECF No. 82) <br><br> ORDER DIRECTING CLERK TO SEND PLAINTIFF TWO COPIES OF FORM AO 88B AND TWO COPIES OF FORM USM-285 |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification. (ECF Nos. 22, 42, & 43).

On September 6, 2022, Plaintiff filed a motion for the issuance of a subpoena *duces tecum*. (ECF No. 81). Plaintiff asks for permission to subpoena documents from the California Department of Corrections and Rehabilitation ("CDCR") Archives Unit and from North Kern State Prison ("NKSP"). In particular, Plaintiff requests: 1) "Any and all holding cell logs for facility 'A' gymnasium for the date of January 6th, 2019;" 2) "Any and all emails and/or

electronically stored information related to any program status reports issued and authorized between the dates of January 1st through the 6th, 2019, and regarding the searches of facility 'A' at NKSP;" 3) "Any and all receipts, logs, or records-whether electronically stored or otherwise- indicating a search of plaintiff's assigned cell, and occurring between the dates of January 1st through the 6th, 2019;" and (4) "Any and all information- whether electronically stored or otherwise- regarding the employment status of defendant D. Ceballos with the California Department of Corrections, including whether or not officer Ceballos resigned, or was terminated." (Id. at 2).

Plaintiff's motion will be granted. The Court informed Plaintiff that:
> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a subpoena duces tecum, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 58, p. 4).

In his motion, Plaintiff identified the records he is seeking and the entities he is seeking them from. He also explained why he believes the information is relevant to his case, and the Court finds that the information is sufficiently relevant to authorize the issuance of a subpoena *duces tecum*.

Finally, Plaintiff has sufficiently shown that the records are only obtainable through a third party. As to request 4, Plaintiff alleged that he requested the documents from Defendants, but defense counsel indicated that she does not represent defendant Ceballos in this case (ECF No. 81, p. 2) and therefore would not produce any documents responsive to the request (id. at 3). As to requests 1, 2, and 3, Plaintiff also requested these records from Defendants, but Defendants stated that they could not locate any documents responsive to the requests. (ECF No. 81, p. 3).

\\\

According to Plaintiff, the records exist but they are in the possession of the Archives Unit at NKSP[1] or electrically stored in the Strategic Offender Management System.  (Id.).

As Plaintiff identified the records he is seeking, identified the entities he is seeking the records from, explained why the records are relevant, and has sufficiently shown that the records are only obtainable through a third party, the Court will grant Plaintiff's motion.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena *duces tecum* is granted;
2. The Clerk of Court is directed to send Plaintiff two copies of form AO 88B and two copies of form USM-285; and
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated:   **September 7, 2022**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] At times Plaintiff refers to the Archives Unit at KVSP, but he later indicates that the Archives Unit and KVSP are different entities at different locations.  (See ECF No. 81, p. 3).

3