UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>        Plaintiff,<br><br>   v.<br><br>R. MORENO, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER AUTHORIZING SERVICE OF SUBPOENA BY MAIL AND DIRECTING CLERK TO SERVE THE CDCR ARCHIVES UNIT WITH A COPY OF THIS ORDER, A COPY OF THE ORDER DIRECTING SERVICE OF SUBPOENAS (ECF NO. 89), AND A COPY OF THE SUBPOENA DIRECTED TO THE ARCHIVES UNIT (ECF NO. 89-1)<br><br>ORDER DIRECTING CLERK TO SERVE A COPY OF THIS ORDER ON SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON<br><br>(ECF No. 93) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

As personal service of a subpoena was attempted on the California Department of Corrections and Rehabilitation ("CDCR") Archives Unit but was unsuccessful because the CDCR Archives Unit improperly refused to accept service, the Court will authorize service of the subpoena by mail.

The Court previously allowed Plaintiff to issue a subpoena to the CDCR Archives Unit. Plaintiff completed and returned the subpoena and USM-285 form (ECF No. 88), and the Court directed the United States Marshals Service ("USMS") to serve the subpoena (ECF No. 89).

1

On September 26, 2022, two Deputy U.S. Marshals, including Deputy U.S. Marshal Gaskin, attempted to personally serve the subpoena on the CDCR Archives unit. (ECF No. 93). According to Deputy U.S. Marshal Gaskin, "JSI Gaskins physically went to 2015 Aerojet Road[,] Rancho Cordova, CA. She spoke to CCRA Lisa Cardenas…. Lisa Cardenas refused acceptance of the process. She stated that this was regarding an 'active inmate.'" (Id. at 1).[1]

Federal Rule of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person…." While this may initially require attempt(s) to personally serve the subpoena, "Courts are more inclined to grant [] alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015); see also Chambers v. Whirlpool Corp., 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016). The Court also notes that California law allows for alternative methods for service if a party diligently attempted personal service. See, e.g., Steve McCurry Studios, LLC v. Web2Web Mktg., Inc., 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (authorizing service of subpoenas by email pursuant to Federal Rule of Civil Procedure 4(e)(1) and Section 413.30 of the California Code of Civil Procedure after Plaintiff made a reasonable effort to personally serve the subpoenas); CNC Software, LLC v. Glob. Eng'g Ltd. Liab. Co., 2022 WL 4137585, at *1 (N.D. Cal. Aug. 2, 2022) (finding that the Court could authorize service of the complaint by email under California Civil Procedure Code § 413.30, but declining to do so because the plaintiff "failed to establish good cause to permit service by email at this time").

Based on the record currently before the Court, the Court finds that alternative service is appropriate. The USMS attempted to personally serve the CDCR Archives Unit, but the CDCR Archives Unit refused to accept service. In so doing, CCRA Lisa Cardenas did not indicate that the USMS was attempting to serve the wrong individual or entity. Instead, she refused to

---

[1] This attempt took a total of one and a half hours of time of two Deputy U.S. Marshals. (ECF No. 93, p. 1). It is worth noting that Deputy U.S. Marshals are part of the United States Marshals Office, and are also responsible for safety and security of the Court. To have the CDCR Archives Unit refuse to accept service from Deputy U.S. Marshals is not just an inconvenience—it is a disregard of the important functions of the United States Marshals Office.

accept service because she does not believe the records should be provided to an "active inmate." This is improper. The Court is aware of no authority allowing a non-party to refuse to accept service of a subpoena simply because the non-party has legal objections to the scope of the subpoena. If the CDCR Archives Unit believes that the documents should not be provided to Plaintiff, it may object, Fed. R. Civ. P. 45(d)(2)(B) or file an appropriate motion, such as a motion to quash/modify the subpoena, Fed. R. Civ. P. 45(d)(3). However, to refuse to accept service of the subpoena by Deputy U.S. Marshals, that was specifically ordered by this Court, is completely improper.

Given that personal service was attempted but was unsuccessful because the CDCR Archives Unit improperly refused to accept service, the Court will authorize service of the subpoena by mail.

Finally, the Court notes that it "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). See also Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[A] subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions.").

Accordingly, IT IS ORDERED that:

1. Service of the subpoena directed to the CDCR Archives Unit shall be completed by mail.
2. The Clerk of Court is directed to serve a copy of this Order, a copy of the Order Directing Service of Subpoenas (ECF No. 89), and a copy of the subpoena directed to the CDCR Archives Unit (ECF No. 89-1) on the CDCR Archives Unit at 2015 Aerojet Rd., Rancho Cordova, CA 95742.
3. Any responsive records, and/or objections to providing the records, shall be provided to Plaintiff at his current address: Kristin Hardy, AA-8633, High Desert State Prison, P.O. Box 3030, Susanville, CA 96127-3030.

\\\
\\\

4. The Clerk of the Court is directed serve a copy of this order on Senior Assistant Attorney General Monica Anderson.

IT IS SO ORDERED.

Dated:  **September 30, 2022**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE