UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER FOLLOWING DISCOVERY DISPUTE HEARING HELD ON NOVEMBER 16, 2022<br><br>(ECF Nos. 77, 97, 105, & 109) |

On November 16, 2022, the Court held a continued discovery dispute hearing. Plaintiff telephonically appeared on his own behalf. Counsel C. Hay-Mie Cho, Joseph Railey, and Chad Stegeman telephonically appeared on behalf of Defendants. Counsel Lucas Hennes telephonically appeared on behalf of third parties North Kern State Prison and California Department of Corrections and Rehabilitation Archives Unit.

After reviewing the filings by the parties and hearing oral arguments, and for the reasons stated on the record, IT IS ORDERED that:

1. Plaintiff's motion for a protective order regarding Defendants' document request (ECF No. 77) is GRANTED in part and DENIED in part.

    a. Plaintiff is not required to provide legal research materials or his personal notes made about this case.

    b. In all other respects, Plaintiff's motion is denied.

2. Plaintiff's motion to compel answers to admissions from defendant Chavez (ECF No. 97) is GRANTED in part and DENIED in part.

    a. As to request for admission No. 9, Plaintiff's motion is denied as moot.

    b. As to request for admission No. 24, Plaintiff's motion is granted. Defendant Chavez has until December 15, 2022, to respond to this request for admission.

    c. As to Plaintiff's request for costs, it is denied.

    d. In all other respects, Plaintiff's motion is denied.

3. Plaintiff's motion to compel non-parties California Department of Corrections and Rehabilitation Archives Unit ("Archives Unit") and North Kern State Prison ("NKSP") to produce documents (ECF No. 105) is GRANTED in part, DENIED in part, WITHDRAWN in part, and HELD IN ABEYANCE in part.

    a. As to Plaintiff's request to compel the Archives Unit to produce documents, Plaintiff had indicated he now withdraws that motion.

    b. As to Plaintiff's request for employment status records for defendant Ceballos, which is listed as request No. 1 on the subpoena to NKSP, Plaintiff's motion is granted in that NKSP is required to produce records indicating that defendant Ceballos resigned or was terminated only if those records specifically reference the searches described in the complaint between January 1, 2019, through January 6, 2019. If any such records exist, NKSP may redact personally sensitive information, such as defendant Ceballos's social security number and birthdate. If NKSP believes that the record(s) are sensitive and need heightened protection, it may file a motion seeking such relief. If no responsive records exist, the supplemental response should indicate that NKSP conducted a reasonable search and that no such records exist.

    c. As to Plaintiff's request for cell search records for Plaintiff's cell occurring between January 1, 2019, and January 6, 2019, which is listed as request No. 2 on the subpoena to NKSP, Plaintiff's motion is denied as moot.

    d. As to Plaintiff's request for holding cell logs/records that indicate the name

1
2
3
4
5
6
7
8
9
10
11
12
13

and rank of the officer(s) that supervised Plaintiff while he was detained in the gym holding cell on January 6, 2019, which is listed as request No. 3 on the subpoena to NKSP, the Court will defer ruling on Plaintiff's motion. However, the request is granted in that the documents were also requested from Defendants, and defense counsel shall undertake a further inquiry for responsive documents based on the documents identified by Plaintiff, including the confidential appeal inquiry. No later than December 15, 2022, Defendants shall supplement their response with either a further production or information regarding the efforts undertaken to search for the documents and a statement that no responsive documents were found. Defendants shall also file a copy with the Court. After receiving a copy of the filing, the Court will rule on Plaintiff's motion to compel NKSP as to this request.

14    e. As to Plaintiff's request for emails/electronically stored information regarding program status report(s) regarding the searches of Facility A that were issued and authorized between the dates of January 1, 2019, through January 6, 2019, which is listed as request 4 on the subpoena to NKSP, the Court will defer ruling on Plaintiff's motion. However, the request is granted in that the documents were also requested from Defendants, and defense counsel shall undertake a further inquiry for responsive documents. No later than December 15, 2022, Defendants shall supplement their response with either a further production or information regarding the efforts undertaken to search for the documents and a statement that no responsive documents were found. Defendants shall also file a copy with the Court. After receiving a copy of the filing, the Court will rule on Plaintiff's motion to compel NKSP as to this request

27    f. As to Plaintiff's request for sanctions against the Archives Unit and NKSP, it is denied because Plaintiff has not presented any evidence of spoliation

or sanctionable conduct.

4. Plaintiff's motion for third party subpoena, which was filed on October 31, 2022 (ECF No. 109), is DENIED.

5. As to Plaintiff's motion to compel regarding certain supplemental discovery responses (ECF No. 113), Defendants have until December 15, 2022, to file their opposition.  In filing their opposition, Defendants must consider the rulings already issued by the Court.  To the extent Defendants' objections have already been overruled, Defendants shall supplement their responses no later than December 15, 2022.  Defendant Moreno shall also provide Plaintiff with a copy of his supplemental responses that includes defendant Moreno's response to request for admission No. 1 and request for admission No. 2.

6. As discussed on the record, Defendants shall finish their supplemental production, and if necessary, supplement their objections and responses, no later than December 15, 2022.  Plaintiff has until January 1, 2023, to file a motion to compel regarding the supplemental responses.

7. No later than December 15, 2022, defense counsel shall file and serve a complete collection of the verifications of Defendants' discovery responses.[1]

IT IS SO ORDERED.

Dated:   **November 18, 2022**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants are not required to file a copy of the discovery responses.