UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>    Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS<br><br>(ECF No. 121) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification. (ECF Nos. 22, 42, & 43).

Before the Court is Plaintiff's motion to compel production of employment status records of defendant Ceballos, as well as a request for sanctions, directed at third party North Kern State Prison ("NKSP").  (ECF No. 121).  For the reasons described below, Plaintiff's motion will be denied.

**I.   BACKGROUND**

The Court previously allowed Plaintiff to issue a subpoena to NKSP.  Plaintiff completed and returned the subpoena and USM-285 form (ECF No. 88), and the Court directed

the United States Marshals Service to serve the subpoena (ECF No. 89).

As Plaintiff was unhappy with NKSP's response to his requests, Plaintiff filed a motion to compel. (ECF No. 105). As relevant here, the Court granted Plaintiff's motion to compel in part:

> As to Plaintiff's request for employment status records for defendant Ceballos, which is listed as request No. 1 on the subpoena to NKSP, Plaintiff's motion is granted in that NKSP is required to produce records indicating that defendant Ceballos resigned or was terminated only if those records specifically reference the searches described in the complaint between January 1, 2019, through January 6, 2019. If any such records exist, NKSP may redact personally sensitive information, such as defendant Ceballos's social security number and birthdate. If NKSP believes that the record(s) are sensitive and need heightened protection, it may file a motion seeking such relief. If no responsive records exist, the supplemental response should indicate that NKSP conducted a reasonable search and that no such records exist.

(ECF No. 118, p. 2).

## II.   PLAINTIFF'S MOTION TO COMPEL

On December 1, 2022, Plaintiff filed another motion to compel directed at NKSP. (ECF No. 121). Plaintiff moves for an order compelling NKSP to produce the employment status records for defendant Ceballos. Plaintiff alleges that he received objections and a supplemental response, and that the supplemental response states that no responsive records were located. Plaintiff asks the Court to overrule NKSP's objections. Plaintiff argues that NKSP's response is evasive and nonresponsive. "Plaintiff does not take NKSP's word of mouth that the documents requested cannot be located, as the documents are within NKSP's custody and control." (Id. at 3). "Counsel for NKSP provides zero specifics as to what records were searched, who or whom conducted the search, the date/time, and duration of the search!" (Id. at 3). Plaintiff also requests that sanctions be imposed for failure to participate in discovery in good faith.

## III.   ANALYSIS

The Court will deny Plaintiff's motion.

The Court ordered NKSP to "produce records indicating that defendant Ceballos resigned or was terminated *only if* those records specifically reference the searches described in

the complaint between January 1, 2019, through January 6, 2019." (ECF No. 118, p. 2) (emphasis added). The Court further ordered that, "[i]f no responsive records exist, the supplemental response should indicate that NKSP conducted a reasonable search and that no such records exist." (Id.).

In response to this order, it does not appear that NKSP filed additional objections. (See ECF No. 121, pgs. 5-6). Instead, it provided a supplemental response as required by the order. (Id.). In that supplemental response, NSKP states: "After a reasonable search and diligent inquiry, and noting the Court's order narrowing the request to documents related to the claims made in this case, no responsive documents exist within NKSP's possession, custody, or control." (Id. at 6). NKSP thus conducted a search for the relevant records, found that none exist, and informed Plaintiff of this fact. This is what the Court ordered NKSP to do. Plaintiff provides no evidence suggesting that this is false and that defendant Ceballos' employment records do in fact state that he resigned or was terminated because of the incidents described in the complaint.

As NKSP complied with the Court's order, the Court will deny Plaintiff's motion to compel and request for sanctions.

**IV. ORDER**

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to compel and request for sanctions (ECF No. 121) is DENIED.

IT IS SO ORDERED.

Dated: **December 2, 2022**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE