UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>          Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S MOTION TO COMPEL NON-PARTIES CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ARCHIVES UNIT AND NORTH KERN STATE PRISON TO PRODUCE DOCUMENTS<br><br>(ECF No. 105) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without obvious justification. (ECF Nos. 22, 42, & 43).

On October 27, 2022, Plaintiff filed a motion to compel non-parties California Department of Corrections and Rehabilitation Archives Unit ("Archives Unit") and North Kern State Prison ("NKSP") to produce documents. (ECF No. 105). In an order entered on November 18, 2022, the Court ruled on the motion as follows:

> [It] is GRANTED in part, DENIED in part, WITHDRAWN in part, and HELD IN ABEYANCE in part.
>
>     a. As to Plaintiff's request to compel the Archives Unit to produce

- 1 -

documents, Plaintiff had indicated he now withdraws that motion.

b. As to Plaintiff's request for employment status records for defendant Ceballos, which is listed as request No. 1 on the subpoena to NKSP, Plaintiff's motion is granted in that NKSP is required to produce records indicating that defendant Ceballos resigned or was terminated only if those records specifically reference the searches described in the complaint between January 1, 2019, through January 6, 2019.  If any such records exist, NKSP may redact personally sensitive information, such as defendant Ceballos's social security number and birthdate.  If NKSP believes that the record(s) are sensitive and need heightened protection, it may file a motion seeking such relief.  If no responsive records exist, the supplemental response should indicate that NKSP conducted a reasonable search and that no such records exist.

c. As to Plaintiff's request for cell search records for Plaintiff's cell occurring between January 1, 2019, and January 6, 2019, which is listed as request No. 2 on the subpoena to NKSP, Plaintiff's motion is denied as moot.

d. As to Plaintiff's request for holding cell logs/records that indicate the name and rank of the officer(s) that supervised Plaintiff while he was detained in the gym holding cell on January 6, 2019, which is listed as request No. 3 on the subpoena to NKSP, the Court will defer ruling on Plaintiff's motion. However, the request is granted in that the documents were also requested from Defendants, and defense counsel shall undertake a further inquiry for responsive documents based on the documents identified by Plaintiff, including the confidential appeal inquiry.  No later than December 15, 2022, Defendants shall supplement their response with either a further production or information regarding the efforts undertaken to search for the documents and a statement that no responsive documents were found. Defendants shall also file a copy with the Court.  After receiving a copy of the filing, the Court will rule on Plaintiff's motion to compel NKSP as to this request.

e. As to Plaintiff's request for emails/electronically stored information regarding program status report(s) regarding the searches of Facility A that were issued and authorized between the dates of January 1, 2019, through January 6, 2019, which is listed as request 4 on the subpoena to NKSP, the Court will defer ruling on Plaintiff's motion.  However, the request is granted in that the documents were also requested from Defendants, and defense counsel shall undertake a further inquiry for responsive documents. No later than December 15, 2022, Defendants shall supplement their response with either a further production or information regarding the efforts undertaken to search for the documents and a statement that no responsive documents were found.  Defendants shall also file a copy with the Court.  After receiving a copy of the filing, the Court will rule on Plaintiff's motion to compel NKSP as to this request

    f. As to Plaintiff's request for sanctions against the Archives Unit and NKSP, it is denied because Plaintiff has not presented any evidence of spoliation or sanctionable conduct.

(ECF No. 118, pgs. 2-3).

  As discussed above, the Court held in abeyance Plaintiff's motion to compel as to: 1) Plaintiff's request for holding cell logs/records that indicate the name and rank of the officer(s) that supervised Plaintiff while he was detained in the gym holding cell on January 6, 2019, which is listed as request No. 3 on the subpoena to NKSP; and 2) Plaintiff's request for emails/electronically stored information regarding program status report(s) regarding the searches of Facility A that were issued and authorized between the dates of January 1, 2019, through January 6, 2019, which is listed as request 4 on the subpoena to NKSP.

  On December 15, 2022, Defendants filed their supplemental response. (ECF No. 130). As to Plaintiff's request for holding cell logs/records that indicate the name and rank of the officer(s) that supervised Plaintiff while he was detained in the gym holding cell on January 6, 2019, Defendants' state as follows in their supplemental response:

> Defendants object to this request because it is vague, ambiguous, and overbroad as to the term "civil complaint," such that Defendants cannot respond without speculating as to its meaning. Defendants further object to this request because it is compound, as it requires Defendants to respond to multiple requests.
>
> Subject to and without waiving the above objections, and based on their understanding of the request, Defendants respond as follows: After a diligent search and reasonable inquiry, Defendants have not located any responsive documents. Defendants contacted J. Pasion, the Litigation Coordinator at North Kern State Prison, to request whether there were any holding cell logs related to Hardy's complaint regarding the institution-wide search on January 6, 2019. Defendants also requested from Mr. Pasion whether there were any holding cell logs indicating the name and rank of the officers that supervised Hardy while detained in the holding cell on January 6, 2019, including the amount of time Hardy was detained in that cell. Mr. Pasion informed Defendants that no such logs existed, and he also provided a declaration from Captain A. Guillen that there were no holding cell logs or records documenting Hardy's time in the holding cell on January 6, 2019. (AGO 052.)

(ECF No. 130, p. 6).

  As to Plaintiff's request for emails/electronically stored information regarding

- 3 -

program status report(s) regarding the searches of Facility A that were issued and authorized between the dates of January 1, 2019, through January 6, 2019, Defendants state as follows in their supplemental response:

> Defendant objects to this request because it is unduly burdensome, as it seeks production of "all" documents, and responding to this request may require a search of potentially thousands of e-mails. Defendant further objects to this request because it is compound, as it requires Defendants to respond to multiple requests. Defendants object to this request to the extent that it seeks information protected by the official-information privilege. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).
>
> Subject to and without waiving the above objections, Defendants respond as follows: Defendants produce e-mails sent on January 6, 2019, by Sergeant Moreno and Angelo Flores regarding searches related to the program status reports issued between January 1 and 6, 2019. Defendants also produce three memoranda, attached to these e-mails and dated January 6, 2019, regarding the results of the searches conducted on January 6, 2019. (AGO 053-061.)

(ECF No. 130, pgs. 7-8).

Thus, Plaintiff has received supplemental responses from Defendants to the requests at issue, including copies of emails and attachments to those emails. Given the supplemental responses from Defendants, the Court will deny Plaintiff's motion to compel as to request Nos. 3 and 4 on the subpoena to NKSP.

As discussed above, the other requests in Plaintiff's motion to compel non-parties Archives Unit and NKSP to produce documents have already been resolved.

Accordingly, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 105) is DENIED as to the following requests:

1) Plaintiff's request for holding cell logs/records that indicate the name and rank of the officer(s) that supervised Plaintiff while he was detained in the gym holding cell on January 6, 2019, which is listed as request No. 3 on the subpoena to NKSP; and

\\\
\\\
\\\

2) Plaintiff's request for emails/electronically stored information regarding program status report(s) regarding the searches of Facility A that were issued and authorized between the dates of January 1, 2019, through January 6, 2019, which is listed as request 4 on the subpoena to NKSP.

IT IS SO ORDERED.

Dated:   **December 27, 2022**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE