UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>        Plaintiff,<br><br>   v.<br><br>R. MORENO, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AFTER DISCOVERY DISPUTE HEARING<br><br>(ECF No. 92) |

   Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification. (ECF Nos. 22, 42, & 43).

   On September 26, 2022, Plaintiff filed a motion to compel production of documents and for *in camera* review. (ECF No. 92). On October 12, 2022, Defendants submitted documents to the Court for *in camera* review, along with an explanation for withholding the documents. (ECF Nos. 99 & 100). On October 17, 2022, Defendants filed their opposition to the motion to compel. (ECF No. 103). On November 10, 2022, the Court held a discovery dispute hearing. (ECF No. 114). At the hearing, the Court stated that it would overrule the official information privilege objection, but only as to the confidential information that justified the search, in a separate order. The Court now issues this order.

## I. PLAINTIFF'S MOTION

On September 26, 2022, Plaintiff filed a motion to compel production of documents and for *in camera* review. (ECF No. 92). Plaintiff states that he requested the following documents: "(1) copies of any and all 114-D administrative segregation orders- including any safety and security basis for said orders- for the inmates who occupied cell 206 in building A-2 on January 1st, 2019; (2) copies of any and all 114-A1 (10/98), 'inmate segregation profile' prepared by the segregation authority or designee, and for the inmates who occupied cell 206 in building A2 on January 1st, 2019; (3) any and all disciplinary/rule violation reports issued to the inmates who occupied cell 206 in building A2 on January 1st, 2019; (4) any and all information received by North Kern State Prison officials-whether confidential or otherwise- that indicates that an unidentified inmate housed on facility 'A' was targeted for murder (see program status report dated 1-02-19); (5) copies of final grand jury reports ('annual') conducted by the Kern County grand jury regarding North Kern State Prison, and for the years 2011 through 2021." (Id. at 2).

According to Plaintiff, Defendants objected to Requests 1-3 based on relevance, the official information privilege, and confidentiality. Defendants objected to Request 4 on the basis of the official information privilege and undue burden. Defendants included objections to Request 5, but also stated that they could not locate any responsive documents.

Plaintiff argues that his requests are relevant. There was a mass cell search, and prison officials claimed that they received confidential information that an unidentified inmate was the target of a murder plot. Plaintiff believes that the inmates who occupied cell 206 on January 1, 2019, may have been involved in some way.

Plaintiff asks the Court to review the documents that Defendants withheld pursuant to the official information privilege and overrule the objections. Plaintiff also asks the Court to compel Defendants to provide Plaintiff with the requested grand jury reports because they are relevant and within the scope of discovery.

\\\
\\\

## II. DEFENDANTS' OPPOSITION

On October 12, 2022, Defendants submitted documents to the Court for *in camera* review, along with an explanation for withholding the documents. (ECF Nos. 100 & 101). On October 17, 2022, Defendants filed their opposition to the motion to compel. (ECF No. 103).

As to Requests 1-4, Defendants state that they located potentially relevant "administrative segregation unit placement notices, inmate-segregation profiles, rules violation reports and disciplinary hearing results, and a confidential memorandum about information received about a plot to murder an unidentified inmate in Facility A." (ECF No. 103, p. 3). However, Defendants argue that they properly withheld these responsive documents pursuant to the official information privilege.

In support of their argument Defendants submit the declaration of J. Pasion, a Correctional Counselor II and the Litigation Coordinator at North Kern State Prison. (ECF No. 100-1). According to J. Pasion, "[t]he administrative-segregation orders and inmate-segregation profiles cannot be disclosed, as they are contained in other inmates' central files, which under Title 15, section 3402, cannot be disclosed to any other inmate. Allowing inmates to have access to other inmates' central files could potentially compromise the safety and security of inmates and violate their privacy interests." (Id. at 2).

Additionally, "[t]he confidential memorandum cannot be disclosed, as it is maintained as confidential to protect the safety of the inmates and staff involved, as well as the security of the institution." (Id. at 2-3). "Disclosure of confidential investigations would seriously compromise CDCR's ability to conduct accurate and reliable investigations, which could jeopardize the safety and security of the prisons under its management. Moreover, there is the potential that disclosure of these documents could educate inmates about CDCR's investigatory techniques and would therefore hamper future investigations." (Id. at 3).

As to the disciplinary hearing results and rules violation reports, J. Pasion states that the "reports cannot be produced to Hardy because allowing inmates to have access to such reports could potentially compromise the safety and security of inmates and violate their privacy interests. These documents are contained in other inmates' central files, which under Title 15,

section 3402, cannot be disclosed to any other inmate.  The report may contain sensitive information about the third-party inmate, including but not limited to his commitment offense, disciplinary history within CDCR, instances of victimization, and other sensitive information that, if revealed to other inmates, could jeopardize the safety and security of the inmate at issue." (Id.).

Finally, Defendants argue that the documents are also shielded from production pursuant to California State Law.

As to Request 5, Defendants state "that despite a reasonable and diligent search, they did not locate any responsive documents." (ECF No. 103, p. 7).  Defendants argue that they "cannot be compelled to produce documents that they did not locate." (Id.).

### III.    LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) … is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure…." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted).  The Ninth Circuit has since followed Kerr in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal., 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting Kerr v. U. S. Dist. Ct. for N. Dist. of Cal., 426

U.S. 394, 406 (1976)); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (citations omitted).

### IV.  ANALYSIS

The Court has reviewed the filings, including the documents submitted for *in camera* review, as well as the applicable law.  As stated on the record at the hearing, the Court will overrule the official information privilege objection, but only as to the confidential information that Defendants claim justified the searches of Plaintiff.

As to the confidential information that Defendants claim justified the searches, which is included in a confidential memorandum, Defendants provided legitimate potential disadvantages of disclosure.  However, the withheld information is highly relevant to this case.  The Fourth Amendment prohibits only unreasonable searches.  Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).  The reasonableness of the search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails."  Bell, 441 U.S. at 559.  As the memorandum contains information regarding the need for the searches at issue in this case, it is central to the lawsuit.  Moreover, the Court will allow Defendants to redact identifying information regarding the inmates mentioned in the confidential memorandum, which will minimize the disadvantages of disclosure.

Thus, balancing the disadvantages of disclosure with the high level of relevance, the Court will overrule the official information privilege objection as to the confidential memorandum with limited redactions.

As to Defendants' objections based on state law, they are overruled.  Defendants have not cited to any cases or provided any arguments as to why the Court should apply state rules of

evidence to federal claims in federal court.

As to the remainder of the withheld documents, Defendants have identified safety and security concerns with producing administrative segregation unit placement notices, inmate-segregation profiles, rules violation reports and disciplinary hearing results regarding other inmates to Plaintiff, and these documents have little, if any, probative value to the unreasonable search claims at issue in this case.  Many of the documents are dated after the searches at issue in the complaint.  Moreover, there is no indication that information contained in any of these documents led to Plaintiff being searched.  Accordingly, the concerns regarding the safety and security of the institution and other inmates outweigh the relevance of the material to this case, and Defendants may withhold the documents, other than the confidential memorandum discussed above, pursuant to the official information privilege.

Finally, as to Request 5, Defendants have asserted that, "despite a reasonable and diligent search, they did not locate any responsive documents." (ECF No. 103, p. 7).  And, there is nothing in Plaintiff's motion suggesting that Defendants failed to conduct a reasonable and diligent search or that responsive documents exist.  Accordingly, Plaintiff's motion to compel will be denied as to this request.

### V.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion to compel (ECF No. 92) is granted in part and denied in part.
2. Within thirty days from the date of service of this order, Defendants shall produce the confidential memorandum (marked AGO 37-40) to Plaintiff. Defendants may redact information identifying the inmates mentioned in the memorandum, including names and CDCR numbers.[1]

\\\
\\\
\\\

---

[1] Defendants appear to have redacted this information in the copy of the confidential memorandum they provided to the Court, and they may redact this same information in the copy they provide to Plaintiff.

3. In all other respects, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated: **January 4, 2023**         /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE