UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>    Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF A NEUTRAL EXPERT WITNESS<br><br>(ECF No. 141) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 17, 2023, Plaintiff filed a motion requesting appointment of a neutral expert witness. (ECF No. 141). This motion is now before the Court. For the reasons that follow, the Court will deny Plaintiff's motion.

**I. LEGAL STANDARDS**

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed…." Fed. R. Evid. 706(a). While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed.

1

R. Evid. 706(c)(2); <u>Ford ex rel. Ford v. Long Beach Unified School Dist.</u>, 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," <u>Manriquez v. Huchins</u>, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," <u>Faletogo v. Moya</u>, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." <u>Johnson v. Cate</u>, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

## II.   ANALYSIS

Plaintiff's motion for appointment of an expert witness will be denied. Plaintiff "seeks appointment of a neutral scientific expert to assist the court in understanding behavior in the context of the prison environment." (ECF No. 141, p. 1). Plaintiff "anticipates" that a Rules Violation Report related to the incident "may" be raised as a defense. (<u>Id.</u>). In their answer, Defendants allege that Plaintiff's conduct contributed to his damages. (<u>Id.</u>). However, "psychologist [sic] have found that human behavior is a complex matter…." (<u>Id.</u>). "[S]ituational factors such as stress, psychological distress, trauma, etc., are often discounted and not considered." (<u>Id.</u> at 2). The events at issue involved a high stress situation, and "the opinion of a neutral expert can aid the court in better understanding [Plaintiff's] behavior in refusing the initial request to remove his clothing." (<u>Id.</u>). Plaintiff also alleges that this case is complex and discovery has been extensive.

Plaintiff's motion will be denied. This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos,

based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification. (ECF Nos. 22, 42, & 43). This case is not proceeding on allegations regarding a Rules Violation Report ("RVR"), which Plaintiff himself recently acknowledged. (ECF No. 139, p. 2) ("The actions of defendants described as illegal in the amended complaint relates [sic] to an unreasonable search and seizure, and not the issuance of an RVR."). Thus, a neutral expert that would testify as to Plaintiff's behavior leading to an RVR is not necessary or significantly useful for the trier of fact to comprehend a material issue in this case. Plaintiff does allege that Defendants may raise the RVR as a defense, but they have not yet done so. Thus, the RVR, and Plaintiff's behavior that led to its issuance, are not material issues in this case.

The fact that Plaintiff's case is allegedly complex in other ways has no bearing on whether a neutral expert should be appointed to aid the fact finder in understanding Plaintiff's behavior leading to the issuance of an RVR.

Accordingly, Plaintiff's motion requesting appointment of a neutral expert witness will be denied.

### III. ORDER

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion requesting appointment of a neutral expert (ECF No. 141) is DENIED.

IT IS SO ORDERED.

Dated:   **January 18, 2023**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE