UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. MORENO, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND DEFENDANT MORENO'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION NO. 17 [SET ONE]<br><br>(ECF No. 148) |

　　　On January 27, 2023, Defendants filed a motion to amend defendant Moreno's response to Plaintiff's request for admission number 17 (Set One). (ECF No. 148). Plaintiff did not oppose or otherwise respond to the motion.

　　　According to Defendants, "[i]n request for admission number 17, Plaintiff asked Defendant Moreno to admit that '[o]n the date of January 6th, 2019 you were aware that Facility 'A' building '2' underwent comprehensive cell and unclothed body searches on January 1st, 2019.' In his initial response to this request for admission, Defendant Moreno rested on objections. On September 21, 2022, Defendant Moreno supplemented his response to request for admission number 17 and denied the request for admission." (Id. at 2) (second alteration in original) (citations omitted). However, "Defendant Moreno has since learned that on January 6, 2019, he was aware that Facility A building 2 underwent mass searches on January 1." (Id.). Thus, Defendants ask for permission to amend defendant Moreno's response

1

to request for admission number 17 from "Deny" to "Admit." (Id.). Defendants argue that "permitting Defendant Moreno to amend his answer to request for admission 17 would allow for Defendant Moreno to present the merits of the case," and that permitting amendment to this one admission will not prejudice Plaintiff. (Id. at 3-4).

Under Federal Rule of Civil Procedure 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." "Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). "The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case." Id.

Here, the Court finds that allowing Defendants to amend defendant Moreno's answer to request for admission number 17 from "Deny" to "Admit" promotes adjudication of the merits because it clarifies defendant Moreno's knowledge of the search that occurred on January 1, 2019. Additionally, Plaintiff did not oppose the motion, and there is nothing before the Court suggesting that allowing this amendment will prejudice Plaintiff. Therefore, the Court will grant Defendants' motion.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Defendants' motion to amend defendant Moreno's response to Plaintiff's request for admission number 17 (Set One) is GRANTED.
2. Defendants have leave to amend defendant Moreno's response to Plaintiff's request for admission number 17 (set one).

\\\
\\\
\\\

3. Defendant Moreno must serve the amended response no later than fourteen days from the date of service of this order.

IT IS SO ORDERED.

Dated: __**March 27, 2023**__     /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE