UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. MORENO, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 120) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification. (ECF Nos. 22, 42, & 43).

On November 22, 2022, Plaintiff filed a motion to compel. (ECF No. 120). On December 13, 2022, Defendants filed their opposition. (ECF No. 128). This motion to compel is now before the Court.

For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion to compel.

**I.　ANALYSIS**

On November 22, 2022, Plaintiff filed a motion to compel. At issue are: 1) defendant

1

Moreno's response to Interrogatory No. 11, First Set; 2) defendant Chavez's response to Interrogatory No. 8, Second Set; 3) Defendants' response to Document Request No. 12; and 4) Defendants' response to Document Request No. 1, Second Set.  (ECF No. 120).

          a.    <u>Defendant Moreno's Response to Interrogatory No. 11, First Set</u>

In Interrogatory No. 11, Plaintiff asked: "CO Moreno, would you agree that per CDCR regulations, amended section 3287 regarding cell, property, and body inspections, that the use of the low dose body scanner eliminates the need to conduct an unclothed body search of a prisoner? (if answer is 'no,' please explain)."  (ECF No. 128-1, p. 8).

Defendant Moreno responded: "Defendant objects to this interrogatory because it is argumentative and assumes facts not established as true.  Defendant further objects to this interrogatory because it is vague, ambiguous, and overbroad as to time.  Defendant also objects to this interrogatory because it calls for a legal conclusion.  Subject to and without waiving the above objections, and based on his understanding of the interrogatory, Defendant responds as follows: The cited regulations speak for themselves."  (ECF No. 128-1, p. 18).

Plaintiff argues that defendant Moreno's response is evasive because Plaintiff sought a yes or no answer.

Defendant argues that Plaintiff failed to show how defendant Moreno's response is inadequate.  Plaintiff's assertion that he only sought a yes or no answer is not accurate because the interrogatory itself asks for an explanation if the answer is no.  Moreover, "Defendant Moreno's response is not evasive as Defendant Moreno cannot provide any further clarity as to the meaning of the regulations beyond what has been promulgated by CDCR in the regulations themselves."  (ECF No. 128, pgs. 4-5).  "Notably, the regulations do not explicitly state that a search by a low dose body scanner eliminates the need for an unclothed body search."  (<u>Id.</u> at 4).  Accordingly, Defendants argue that Plaintiff's motion should be denied as to this request.

As to this request, the Court will grant Plaintiff's motion to compel.  Plaintiff's request is not vague, ambiguous, or argumentative, and it does not assume facts not established as true.  Plaintiff asks defendant Moreno about the application of a specific regulation that Plaintiff appears to believe governs the use of searches that occurred in this case.

As to the objection that the interrogatory calls for a legal conclusion, this is not a valid objection here. See, e.g., Thomas v. Cate, 715 F. Supp. 2d 1012, 1029030 (E.D. Cal. 2010) (collecting cases) ("Generally, the fact that an interrogatory calls for a legal conclusion is not grounds for an objection."). "The only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues unrelated to the facts of the case," id., and here, whether the use of the low dose body scanner eliminates the need to conduct an unclothed body search of a prisoner is related (and relevant) to the claims proceeding in this case. Given this, the Court also finds that defendant Moreno's response is inadequate because, while he provided a response to the interrogatory, he essentially stood on his objection that the interrogatory called for a legal conclusion and refused to answer the interrogatory as written.

As to the objection that the request is overbroad as to time, defendant Moreno may be correct because Plaintiff does not provide the text of the applicable regulation or provide a specific date that it was in effect. To correct this potential issue, the Court will require defendant Moreno to respond only as to the regulation that was in place at the time of the searches at issue in the complaint.

Based on the foregoing, the Court will grant Plaintiff's motion as to defendant Moreno's response to Interrogatory No. 11, First Set. Defendant Moreno shall answer "yes," "no," or "I don't know," and if he answers "no," he shall explain why. Defendant Moreno only needs to respond as to the regulation that was in place at the time of the searches at issue in the complaint.

         b. <u>Defendant Chavez's Response to Interrogatory No. 8, Second Set</u>

In Interrogatory No. 8, Second Set, Plaintiff asked defendant Chavez: "And would you agree that a pat search and an unclothed body search both serve the same purpose of detecting and preventing the spread of contraband? (If your answer is 'no,' please explain your answer)." (ECF No. 128-1, p. 28).

Defendant Chavez responded: "Defendant objects to this interrogatory because it is vague, ambiguous, and overbroad as to the term 'contraband,' such that Defendant cannot

respond without speculating as to its meaning.  Defendant further objects to this request to the extent that it calls for a legal opinion from a layperson, as well as a legal conclusion. Defendant also objects to this interrogatory because it is compound, as it requires Defendant to respond to multiple interrogatories.  Subject to and without waiving the above objections, and based on his understanding of the interrogatory, Defendant responds as follows: Based on the above objections, Defendant is unable to respond to this interrogatory." (ECF No. 128-1, p. 46).

Plaintiff argues that defendant Chavez's objections are boilerplate and should be overruled.

Defendants state that defendant Chavez will supplement his response as part of the supplemental responses ordered by the Court, and argues that this renders Plaintiff's motion to compel moot as to this discovery request.

As to this request, the Court will deny Plaintiff's motion to compel as moot.  A previous motion to compel filed by Plaintiff was directed, in part, at this same discovery response by defendant Chavez (ECF No. 113), and the Court denied the motion to compel directed at this response because a supplemental discovery response was provided (ECF No. 135).  The Court will deny this duplicative request for the same reason.

    c. <u>Defendants' Response to Document Request No. 12</u>

In Document Request No. 12, Plaintiff requested: "Any and all minutes of staff meetings between the dates of January 1st through the 6th, 2019, and related to the mass searches of Facility 'A.'"  (ECF No. 128-1, p. 58).

Defendants objected to this request, but also stated: "Despite a reasonable and diligent search, Defendants have not located any documents responsive to this request.  Discovery is ongoing, and Defendants will supplement this response should responsive, non-privileged documents be located." (ECF No. 128-1, pgs. 67-68).

Plaintiff argues that the objections are boilerplate, that the response is evasive and incomplete, and that the records are in Defendants' custody/control.  Plaintiff also argues that responsive documents may lead to discovery of relevant evidence.  Plaintiff refers to two

sections of the Department of Operations Manual ("DOM") regarding staff meetings and minutes of staff meetings.

Defendants argue that the DOM sections cited by Plaintiff "do[] not establish that there would be specific staff meetings related to the cell search on January 6, 2019 and that minutes were taken at any such meeting. Moreover, Plaintiff cannot successfully challenge Defendants' position that despite a diligent search and reasonable inquiry no such responsive documents exist." (ECF No. 128, p. 6). Moreover, "Defendants undertook a diligent search and reasonable inquiry to locate any responsive documents and were unable to find any such documents." (Id.). Thus, Defendants argue that Plaintiff's motion should be denied as to this request.

As to this request, the Court will deny Plaintiff's motion to compel. Defendants have represented that they conducted a reasonable search for responsive documents but did not find any. Nothing provided by Plaintiff suggests that this is inaccurate or that responsive documents should exist. The Court cannot compel Defendants to produce documents that do not exist.

### d. Defendants' Document Request No. 1, Second Set

In Document Request No. 1, Second Set, Plaintiff requested: "Any and all information and/or documentation – whether electronically stored or otherwise – that demonstrates that defendant R. Moreno retired from CDCR on or about July 14, 2021." (ECF No. 128-1, p. 71).[1]

Defendants responded to Document Request No. 1 as follows:

> Defendants object to this request because it is not relevant to the claims or defenses of any party. Documents responsive to this request are not relevant because it does not pertain to Hardy's claim that Defendants unlawfully searched Hardy's cell and unclothed body on January 6, 2019. This request is also not proportional to the needs of this case and is unduly burdensome because it seeks "all" documents, and responding to this request may require a search of potentially thousands of documents. Defendants further object to this request because discovery of peace officers' employment records is restricted by California Penal Code sections 832.7 and 832.8. Defendants also object to this request because it is vague, ambiguous, and overbroad as to the terms "information" and "documentation," such that Defendants cannot respond

---

[1] While the parties agree on what Plaintiff requested, it is not clear if this request was made in Plaintiff's Second Set for Production of Documents or his Third Set.

>without speculating as to their meanings.  Additionally, Defendants object to this request because it is compound, as it requires Defendants to respond to multiple requests and is harassing in nature.
>
>Subject to and without waiving the above objections, Defendants respond as follows: Defendants produce Sergeant Moreno's responses to Hardy's First Set of Interrogatories.  (AGO 001-009.)

(ECF No. 128-1, p. 78).

Plaintiff argues that Defendants' response to this document request is incomplete.  The retirement documents would also be in the "general personnel file," are non-confidential public records, and are within Defendants' custody/control.

Defendants argue that, "[a]s Plaintiff's claims deal only with events occurring in January 2019, documents surrounding Defendant Moreno's retirement in 2021 [are] not related to a claim or defense in this action."  (ECF No. 128, p. 7).  Thus, Defendants argue that Plaintiff's motion should be denied as to this request.

 "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citation omitted).  Here, Defendants objected on the basis of relevance, and in his motion to compel Plaintiff failed to explain how documents related to defendant Moreno's retirement are relevant to this case.  Thus, Plaintiff failed to establish that his request satisfies the relevancy requirements of Federal Rule of Civil Procedure 26(b)(1).

Additionally, in defendant Moreno's interrogatory responses, "Defendant Moreno answer[ed] questions regarding his retirement from CDCR.  Specifically, Defendant Moreno stated that he retired on July 14, 2021, and had worked for CDCR from October 2006 through July 2021."  (ECF No. 128, pgs. 6-7) (citations omitted).  Thus, it appears that Plaintiff already has sufficient information to establish this point.

Accordingly, the Court will deny Plaintiff's motion to compel as to this request.

\\\

\\\

## II.  ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty days from the date of service of this order, defendant Moreno shall answer "yes," "no," or "I don't know" to Interrogatory No. 11, First Set, and if he answers "no," he shall explain why.  Defendant Moreno only needs to respond as to the regulation that was in place at the time of the searches at issue in the complaint; and
2. In all other respects, Plaintiff's motion to compel (ECF No. 120) is DENIED.

IT IS SO ORDERED.

Dated:  **March 30, 2023**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE