UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. MORENO, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 127) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification.  (ECF Nos. 22, 42, & 43).

On December 8, 2022, Plaintiff filed a motion to compel.  (ECF No. 127).  On December 23, 2022, Defendants filed their opposition.  (ECF No. 133).  This motion to compel is now before the Court.

For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion to compel.

**I.　ANALYSIS**

On December 8, 2022, Plaintiff filed a motion to compel.  At issue are: 1) defendant

1

Valencia's response to Interrogatory No. 24, First Set; 2) defendant Valencia's response to Interrogatory No. 25, First Set; and 3) defendant Chavez's response to Request for Admission No. 26, First Set. (ECF No. 127).

        a.   <u>Defendant Valencia's Response to Interrogatory No. 24, First Set</u>

In Interrogatory No. 24, First Set, Plaintiff asked defendant Valencia:

> CO Valencia, have you ever been investigated regarding staff misconduct and/or a violation of policy, law, or regulation during your time as a correctional officer? (If your answer is "Yes," state the date of the investigation, the number of investigations, what agency or agencies conducted said investigations, the subject matter, and the results)[.]

(ECF No. 133-1, pgs. 20-22).

Defendant Valencia objected, but also stated:

> Subject to and without waiving the above objections, and based on his understanding of the interrogatory, Defendant responds as follows: Presuming that Hardy's interrogatory seeks information pertaining to law enforcement personnel records that are no longer confidential under Cal. Penal Code § 832.7(b) because they are records relating to a report, investigation or findings of "i) an incident involving the discharge of a firearm at a person by a peace officer; ii) an incident in which the use of force by a peace officer or custodial officer against a person resulted in death, or greater bodily injury; iii) any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency that a peace officer or custodial officer engaged in sexual assault involving a member of the public; or iv) any record relating to an incident in which a sustained finding was made by law enforcement of dishonesty by a peace officer relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any sustained finding of perjury, false statements, filing of false reports, destruction, falsifying, or concealing evidence," there is no information responsive to this interrogatory.

(ECF No. 133-1, pgs. 38-39).

Plaintiff argues that defendant Valencia's objections are boilerplate, that the interrogatory is relevant, and that law enforcement personnel records of the sort he is seeking are no longer confidential under California law.

Defendants argue that Plaintiff's motion to compel should be denied as to this discovery request because defendant Valencia "fully responded by asserting that [] there was no

information that was responsive to the interrogatory."  (ECF No. 133, p. 3).  "Defendant Valencia now further states that to the best of his recollection and knowledge, he has not been investigated for any misconduct.  In addition, Defendant Valencia has never been disciplined, and has been unable to obtain any records regarding any investigations concerning himself."  (Id. at 4).

As to this request, the Court will grant Plaintiff's motion to compel in part.  Defendant Valencia responded to this discovery request despite making objections, but he included a qualification that he was responding only as to personnel records that are no longer confidential under California Penal Code § 832.7(b).  In his opposition, however, defendant Valencia "now further states" that, to the best of his recollection, he has never been investigated or disciplined for misconduct.  While this further response is included in Defendants' opposition, it does not appear to be included in a response to Plaintiff's discovery request.  Accordingly, the Court will grant the motion to compel insofar as the Court will require defendant Valencia to supplement his response to Interrogatory No. 24, First Set, to include the further substantive response that he included in his opposition.

> b.  <u>Defendant Valencia's Response to Interrogatory No. 25, First Set</u>

In Interrogatory No. 25, First Set, Plaintiff asked defendant Valencia:

> CO Valencia, besides the administrative appeal filed by Plaintiff Hardy, have you ever been the subject of an administrative appeal regarding staff misconduct, and/or a violation of law, policy, or regulation? (If your answer is "Yes," state the date the appeal(s) were filed; the subject matter of the appeals; the name and rank of the appeal reviewer and whether the appeal(s) were granted, granted in part, or denied)[.]

(ECF No. 133-1, p. 22).

Defendant Valencia responded:

> Defendant objects to this interrogatory because it is not relevant to the claims or defenses of any party and is not proportional to the needs of this case. Defendant maintains that this interrogatory is not relevant because the interrogatory does not pertain to Hardy's claim that Defendant unlawfully searched Hardy's cell and unclothed body on January 6, 2019 in violation of the Fourth Amendment.  This interrogatory is also not proportional to the needs of this case and unduly burdensome because it seeks all inmate appeals, and responding to this interrogatory may require an inmate-by-inmate file search of

> potentially thousands of inmates.  In addition, any complaints filed by other inmates against Defendant would not tend to prove or disprove that Defendant unlawfully searched Hardy's cell and unclothed body on January 6, 2019 in violation of the Fourth Amendment.  Defendant additionally objects to this interrogatory on the basis of privacy because the interrogatory calls for the release of information concerning individuals who are not parties to this lawsuit and may no longer be in the custody of the California Department of Corrections and Rehabilitation.  This information is confidential under California Code of Regulations, title 15, sections 3321 and 3402.  Furthermore, Defendant objects that the interrogatory seeks information protected by the official-information privilege.  *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  Finally, Defendant objects to this interrogatory because it seeks information that is potentially outside of Defendant's possession, custody, and control

(ECF No. 133-1, p. 39).

Plaintiff argues that defendant Valencia's objections are boilerplate.  Moreover, his interrogatory is relevant, as his claim in this suit relates to staff misconduct regarding an illegal search.  Finally, Plaintiff argues that the relevant records are not confidential under California law, and that defendant Valencia failed to provide a privilege log related to his assertion of the official information privilege as required by court order.

Defendant argues that "[w]hether any other inmate has ever filed an administrative appeal against Defendant Valencia for any reason has no relevance to whether Defendant Valencia acted unlawful[ly] during the searches at issue."  (ECF No. 133, pgs. 4-5).  Additionally, responding to this request would be unduly burdensome because "[i]dentifying each appeal that names Defendant Valencia could potentially involve a manual search of the appeal and grievance history of each inmate who has ever been housed at an institution where Defendant Valencia worked."  (Id. at 5).  Finally, Defendants argue that Plaintiff is seeking private information related to third parties, and "[a]s this material is not relevant to Plaintiff's claim, the Court should not infringe on the privacy rights of other inmates by ordering its disclosure." (Id.).

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citation omitted). The Court also notes that, while information within the scope of discovery need not be admissible to be discoverable, Federal Rule of Evidence 404 places limitations on the use of character evidence.

Federal Rule of Evidence 404 states:

**(a) Character Evidence.**

    **(1) Prohibited Uses**. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

. . .

**(b) Crimes, Wrongs, or Other Acts.**

    **(1) Prohibited Uses**. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    **(2) Permitted Uses; Notice in a Criminal Case**. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(a) & (b).

Here, defendant Valencia objected on the basis of relevance, and in his motion to compel, Plaintiff asserts that the request is relevant because his claim relates to staff misconduct. However, Plaintiff provides no explanation as to how all (or any) administrative appeals regarding staff misconduct (and/or a violation of law, policy, or regulation) against

defendant Valencia, including conduct that occurred both before and after the incidents alleged in the complaint, are relevant to this case. Accordingly, Plaintiff failed to establish that this request satisfies the relevancy requirements of Federal Rule of Civil Procedure 26(b)(1), and the Court will deny Plaintiff's motion to compel as to this request.

          c. <u>Defendant Chavez's Response to Request for Admission No. 26, First Set</u>

In Request for Admission No. 26, First Set, Plaintiff asked defendant Chavez to admit that "[t]he confidential information did not implicate Hardy as a suspect in a murder plot at North Kern State Prison, Facility 'A.'" (ECF No. 127, p. 1).

Defendants argue that defendant Chavez initially objected to this request, "[h]owever, in his supplemental response, Defendant Chavez renewed his objections but also substantively responded with an admission. Accordingly, the Court should deny Plaintiff's Motion to Compel a further response to this request for admission as Defendant Chavez has fully responded." (ECF No. 133, p. 5) (citation omitted).

In stating that defendant Chavez has now fully responded, Defendants refer the Court to Exhibit E. However, in Exhibit E, there is no supplemental response to Request for Admission No. 26. Instead, there are only objections. (ECF No. 133-1, p. 84) ("Defendant objects to this request because it is vague, ambiguous, and overbroad as to the term, 'confidential information,' such that Defendant cannot respond without speculating as to its meaning. Defendant further objects to this request because it is vague, ambiguous, and overbroad as to time."). Accordingly, the Court will grant Plaintiff's motion insofar as the Court will require defendant Chavez to fully respond to this request, as defendant Chavez indicated was his intention.[1]

\\\

---

[1] The Court notes that the discovery responses attached as Exhibit E are dated September 21, 2022 (ECF No. 133-1, p. 85), while Defendants assert that the supplement that included defendant Chavez's response was sent on October 26, 2022 (ECF No. 133, p. 2). If Defendants already provided Plaintiff with the full response but attached the wrong supplement to their opposition, Defendants do not need to re-serve defendant Chavez's supplemental response.

**II. ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Within thirty days from the date of service of this order, defendant Valencia shall supplement his response to Interrogatory No. 24, First Set, to include the further substantive response that he included in Defendants' opposition (see ECF No. 133, p. 4) ("Defendant Valencia now further states that to the best of his recollection and knowledge, he has not been investigated for any misconduct. In addition, Defendant Valencia has never been disciplined, and has been unable to obtain any records regarding any investigations concerning himself.").
2. Within thirty days from the date of service of this order, defendant Chavez shall fully respond to Request for Admission No. 26, First Set.[2]
3. In all other respects, Plaintiff's motion to compel (ECF No. 127) is DENIED.

IT IS SO ORDERED.

Dated: **April 4, 2023**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] If Defendants already provided Plaintiff with the full response but attached the wrong supplement to their opposition, Defendants do not need to re-serve defendant Chavez's supplemental response.