UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>        Plaintiff,<br><br>v.<br><br>R. MORENO, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 145) |

Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification. (ECF Nos. 22, 42, & 43).

On January 20, 2023, Plaintiff filed a motion to compel. (ECF No. 145). On February 17, 2023, Defendants filed their opposition. (ECF No. 152). This motion to compel is now before the Court.

For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion to compel.

**I.    ANALYSIS**

On January 20, 2023, Plaintiff filed a motion to compel. At issue are: 1): Defendants'

1

response to Document Request No. 2, First Set; 2) defendant Moreno's supplemental response to Request for Admission No. 12; and 3) defendant Moreno's supplemental response to Request for Admission No. 24. (ECF No. 145).

      a.  <u>Defendants' Response to Document Request No. 2, First Set</u>

In Document Request No. 2, First Set, Plaintiff requested: "any and all holding cell logs for facility 'A' gymnasium for the date of January 6th, 2019, and related to the allegations of Plaintiffs civil complaint." (ECF No. 152-1, p. 6).

Defendants objected to the request, but also stated: "Despite a reasonable and diligent search, Defendants have not located any documents responsive to this request. Discovery is ongoing, and Defendants will supplement their response should responsive, non-privileged documents be located." (<u>Id.</u> at 16).

Defendants supplemented this response. In their supplemental response, Defendants also objected to the request, but stated:

> After a diligent search and reasonable inquiry, Defendants have not located any responsive documents. Defendants contacted J. Pasion, the Litigation Coordinator at North Kern State Prison, to request whether there were any holding cell logs related to Hardy's complaint regarding the institution-wide search on January 6, 2019. Defendants also requested from Mr. Pasion whether there were any holding cell logs indicating the name and rank of the officers that supervised Hardy while detained in the holding cell on January 6, 2019, including the amount of time Hardy was detained in that cell. Mr. Pasion informed Defendants that no such logs existed, and he also provided a declaration from Captain A. Guillen that there were no holding cell logs or records documenting Hardy's time in the holding cell on January 6, 2019.

(ECF No. 152-1, p. 37).

Plaintiff argues that Defendants' objections are boilerplate. Plaintiff also argues that the response is evasive and lacks details as to the search that was conducted. Plaintiff argues that California Department of Corrections and Rehabilitation policy requires such details to be provided. Defendants have not asserted that the holding cell log has been destroyed per policy, and the declaration submitted by Defendants does not establish that the declarant is the Records Coordinator. Moreover, as Plaintiff noted that the discovery dispute hearing on November 16, 2022, defendant Ceballos indicated that he created a log while Plaintiff was in the gym holding

cell. This log was also reviewed by the hiring authority in connection with Plaintiff's appeal.

Plaintiff further argues that Defendants were required by law to preserve the requested material pending litigation and moves for spoliation sanctions against Defendants. Plaintiff believes that Defendants either illegally destroyed the holding cell logs or refused to provide them in violation of discovery rules.

Defendants allege that they have, at least twice, searched for the records identified by Plaintiff. Moreover, North Kern State Prison and the Archives Unit have also searched for the records. No responsive documents were found. Moreover, Defendants supported their assertion that no responsive documents were found "with a signed declaration from Captain A. Guillen verifying that assertion." (ECF No. 152, p. 5). Accordingly, Defendants argue that they have fully responded to this request.

As to Plaintiff's request for sanctions, Defendants argue that Plaintiff has not identified a valid basis for sanctions. "[I]n each of the responses that Plaintiff challenges by this motion, Defendants undertook a good faith effort to fully respond to Plaintiff's requests and to articulate any investigation done in order to respond." (Id. at 8). Moreover, "Plaintiff points to no evidence that Defendants' actions with regard to the holding cell logs were in bad faith." (Id.). In fact, "the retention schedule for holding cell logs is one year. The holding cell logs should, therefore, have been retained until January 2020. This action commenced in March 2021, well after the retention period expired in January 2020." (Id.) (citation omitted). Further, "[t]he only relevance of the holding cell log is the fact that Plaintiff was located in the holding cell when the search at issue occurred," and "[t]he fact that Plaintiff was placed in a holding cell is not relevant to Plaintiff's Fourth Amendment claim premised on why an unclothed body cavity search was conducted after the low-dose body scanner was used." (Id. at 9-10).

The Court will deny Plaintiff's motion to compel as to this request. Defendants explained that multiple searches were conducted, and no responsive records were found. Defendants also provided the declaration of a Correctional Captain who declared, under penalty of perjury, that a thorough search of files/records was carried out, and no records were found. (ECF No. 152-3, p. 1). Moreover, in their opposition, Defendants explain why no records were

found: pursuant to policy, if responsive documents existed, they would have been destroyed in January of 2020 (which is over a year before Plaintiff filed this action).  Nothing submitted by Plaintiff suggests that Defendants failed to conduct a thorough search or that the records should have been retained pursuant to policy.  Plaintiff does assert that the Department of Operations Manuel ("DOM") required Defendants to provide additional details in their discovery response regarding their search for records.  However, Plaintiff does not quote or provide the text from any section of the DOM creating such a requirement.  Instead, Plaintiff refers to sections that deal with records management.  Moreover, Plaintiff cites to no law, nor is the Court aware of any, suggesting that the DOM controls federal discovery requirements.

As to Plaintiff's request for spoilation sanctions, it will be denied.  "Spoliation is an evidentiary doctrine under which a district court can, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to pending litigation."  Leeson v. Transamerica Disability Income Plan, 279 F. App'x 563, 565 (9th Cir. 2008).  "A party seeking spoliation sanctions 'must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'"  Scalia v. County of Kern, 576 F. Supp. 3d 703, 711 (E.D. Cal. 2021) (quoting In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006)); Washington v. Stark, 2019 WL 316864, at *2 (E.D. Cal. Jan. 24, 2019) (same).

Plaintiff asks for the harsh sanction of default, but provides no explanation as to how the cell logs support his claim, or what prejudice he will suffer from not having access to the cell logs.  Moreover, as discussed above, Defendants provide evidence, in the form of a declaration from the Litigation Coordinator at North Kern State Prison, that pursuant to policy, holding cell logs are retained for one year.  (ECF No. 152-2).  The search occurred in January of 2019, and this action was filed over two years later, on March 1, 2021.  Thus, if responsive documents existed, it appears that they were destroyed pursuant to policy prior to the date

Plaintiff filed this lawsuit.  Nothing submitted by Plaintiff suggests that he asked for a litigation hold prior to filing this lawsuit.  There is also no evidence that responsive documents were destroyed after Plaintiff filed this lawsuit, or that they were destroyed with a culpable state of mind.  Accordingly, Plaintiff's request for spoliation sanctions is denied.[1]

        b.  <u>Defendant Moreno's Supplemental Response to Request for Admission No. 12</u>

In Request for Admission No. 12, Plaintiff asked defendant Moreno to admit that "[o]n January 6th, 2019 on second watch, building A-2 was the only building to undergo mass cell and unclothed body searches."  (ECF No. 152-1, p. 51).

In defendant Moreno's second supplemental response to this request, which was ordered by the Court (ECF No. 116, p. 2), defendant Moreno objected, but also stated:

> Despite a reasonable inquiry, Defendant was unable to determine whether during second watch on January 6th, 2019, building A-2 was the only building to undergo mass cell and unclothed body searches, and on that basis, is unable to admit or deny this request.  Specifically, Defendant contacted J. Pasion, the Litigation Coordinator at North Kern, to confirm that during second watch on January 6, 2019, building A-2 was the only building to undergo mass cell and unclothed body searches.  Mr. Pasion informed Defendant that he had asked the Facility A Captain to confirm whether this was correct and that the Captain was unable to do so.

(ECF No. 152-1, p. 101).

Plaintiff argues that the responsive is evasive.  Defendant Moreno was present on Facility "A" on January 6, 2019, and he participated in the mass searches in a supervisory role.  Moreover, he claims to have acted pursuant to a program status report that required all buildings to be searched.  Thus, defendant Moreno should be able to admit or deny this request.

Defendants argue that defendant Moreno has fully responded to this request, including by providing the supplemental response as ordered by the Court.  Accordingly, Defendants

---

[1] In the "conclusion" section of his motion, Plaintiff alleges that defendant Moreno's supplemental responses are insufficient and in violation of discovery rules.  (ECF No. 145, p. 8).  Plaintiff asks for "default and sanctions."  (<u>Id.</u>).  This request for sanctions is denied as well.  Plaintiff only includes one conclusory sentence in his motion regarding sanctions against defendant Moreno, and he cites to no legal authority.  The Court finds that Plaintiff has not shown that he is entitled to either costs or sanctions.  The Court notes that there is no indication in Plaintiff's motion that Plaintiff attempted in good faith to obtain the discovery without court action.

argue Plaintiff's motion to compel should be denied as to this request.

The Court already ruled on a motion to compel regarding this request and specified how the response should be supplemented. In an order issued on November 16, 2022, the Court ruled that, "[a]s to defendant Moreno's supplemental response to request for admission No. 12, Plaintiff's motion is granted insofar as, within thirty days, defendant Moreno must specify, as he did on the record, that he conducted a reasonable inquiry, that he located no such documents, and that to his knowledge there were no other searches." (ECF No. 116, p. 2). Plaintiff does not move for reconsideration of the Court's prior order, nor does he argue that defendant Moreno failed to comply with the order. Moreover, the Court sees no reason to reconsider the order and finds that the supplemental response complies with the order. Accordingly, the Court will deny Plaintiff's motion to compel as to this request.

        c.   <u>Defendant Moreno's Supplemental Response to Request for Admission No. 24</u>

In Request for Admission No. 24, Plaintiff asked defendant Moreno to admit that he "received in-service training regarding the 'reasonable suspicion' requirement outlined in Title 15, CCR sec. 3287(b)." (ECF No. 152, p. 58).

In defendant Moreno's second supplemental response to this request, which was ordered by the Court (ECF No. 116, p. 2), defendant Moreno objected, but also stated:

> Defendant does not recall whether he received in-service training on the "reasonable suspicion" requirement set forth in section 3287(b) of Title 15 of the California Code of Regulations. Defendant contacted Ms. Cavasos with the Litigation Office at North Kern, and Ms. Cavasos spoke with Sergeant Harrison with the In-Service Training Department. Ms. Cavasos informed Defendant that Sergeant Harrison confirmed there was no training provided on reasonable suspicion.

(ECF No. 152-1, p. 110).

Plaintiff argues that defendant Moreno's objections are boilerplate. Plaintiff also argues that this response is evasive and belied by CDCR policy. Per CDCR policy, custody staff are required to complete 52 hours of training annually, 40 of which must be in-service training. Moreover, each employee must be trained to understand how operative procedures affect

inmate custody and security. Plaintiff argues that because the search procedures outlined in Section 3287(b) affect inmate custody and security, defendant Moreno has received mandatory training regarding reasonable suspicion.

Plaintiff also argues that defendant Moreno was required to either admit or deny this request, or state that he could not admit or deny it for a stated reason. Additionally, the response lacks evidence that demonstrates that Ms. Cavasos and Sergeant Harrison conducted a reasonable inquiry.

Defendants admit that annual in-service training is required, but argue that Plaintiff's request asks about training on a specific legal standard. "Based on the information provided to Defendant Moreno by the In-Service Training Department sergeant, specific training on that standard is not provided." (ECF No. 152, p. 7). Thus, Defendants argue that defendant Moreno fully responded, and Plaintiff's motion should be denied to this request. "Moreover, to the extent that Plaintiff argues that Defendant Moreno did not affirmatively state that his answer was an admission or denial, Defendant Moreno now denies that he has received in-service training on reasonable suspicion." (Id.).

The Court already ruled on Plaintiff's motion to compel regarding this request and specified how the response should be supplemented. In an order issued on November 16, 2022, the Court ruled that "[a]s to defendant Moreno's supplemental response to request for admission No. 24, Plaintiff's motion is granted in that, within thirty days, defendant Moreno must specify the efforts that were undertaken and what was (or was not) found." (ECF No. 116, p. 2). Plaintiff does not move for reconsideration of the Court's prior order, and the Court sees no reason to reconsider the order. And, defendant Moreno complied with the order. Defendant Moreno specified what steps were taken and that a staff member with the In-Service Training Department stated that no training was provided on reasonable suspicion.

However, defendant Moreno now states that he is affirmatively answering with a denial. While this statement is included in Defendants' opposition, it does not appear to be included in a response to Plaintiff's discovery request. Accordingly, the Court will grant the motion to compel insofar as the Court will require defendant Moreno to supplement his response to

Request for Admission No. 24 with an affirmative denial.[2]

## II.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty days from the date of service of this order, defendant Moreno shall supplement his response to Request for Admission No. 24 with an affirmative denial; and
2. In all other respects, Plaintiff's motion to compel (ECF No. 145) is DENIED.

IT IS SO ORDERED.

Dated:   **April 13, 2023**            /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Plaintiff argues that defendant Moreno was wrong, and that defendant Moreno was in fact provided with the training. However, as discussed above, the Court already addressed Plaintiff's motion to compel regarding Request for Admission No. 24. Moreover, Plaintiff does not submit any competent evidence in support of his assertion that defendant Moreno was provided with training on reasonable suspicion. The Court notes that Plaintiff will have an opportunity to present evidence that defendant Moreno was provided with such training in response to a motion for summary judgment and/or at trial.