UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>   Plaintiff,<br><br> v.<br><br>R. MORENO, et al.,<br><br>   Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER UNDER FRCP 26(c)<br><br>(ECF No. 151) |

  Kristin Hardy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's unreasonable search and seizure claims against defendants Valencia, Moreno, Chavez, Dohs, and Ceballos, based on Plaintiff's allegations that after Plaintiff was subjected to a full body scan, he was immediately subjected to an additional strip search without justification.  (ECF Nos. 22, 42, & 43).

  On January 5, 2023, the Court granted a motion to compel filed by Plaintiff in part, and gave Defendants thirty days to "produce the confidential memorandum (marked AGO 37-40) to Plaintiff."  (ECF No. 138, p. 6).  On February 10, 2023, Defendants filed a motion "for a protective order to restrict the physical possession of confidential documents that could threaten the safety and security of inmates, staff, or the California Department of Corrections and Rehabilitation ('CDCR'), and the sanctity of CDCR's internal investigatory practices."  (ECF No. 151, p. 1).  On February 22, 2023, Plaintiff filed his opposition to the motion.  (ECF No. 153).  On March 6, 2023, Defendants filed their reply.  (ECF No. 154).

Defendants' motion for a protective order is now before the Court. For the reasons that follow, the Court will grant Defendants' motion for a protective order.

## I. MOTION FOR PROTECTIVE ORDER

### a. Defendants' Motion

On February 10, 2023, Defendants filed a motion for a protective order. (ECF No. 151). Defendants ask the Court "to limit Plaintiff from having physical possession of the memorandum and from sharing or disclosing the memorandum, or its contents, with any other person." (ECF No. 151-1, pgs. 1-2).

"On February 3, 2023, Plaintiff was permitted to review the copy of the memorandum." (Id. at 2). Defendants did not intend to allow Plaintiff to maintain possession of the memorandum, and instead intended to file this motion for a protective order. (Id.). However, "Plaintiff refused to surrender the document to correctional officers." (Id.).

Defendants argue that "[a]bsent a protective order preventing Plaintiff from maintaining possession of the confidential memorandum, this confidential memorandum could be disseminated to other inmates." (Id. at 3). "The confidential memorandum summaries [sic] a conversation between an inmate informant and a correctional officer regarding a murder plot on an unidentified inmate and gang activity on the facility. The memorandum also addresses the actions taken by correctional officers to investigate that plot. Disclosure of this information could have a number of adverse effects, including discouraging inmates and staff from coming forward and openly participating in CDCR investigations; causing harm to other inmates, prison officials and employees; or educating inmates as to CDCR investigatory methods." (Id.). "For example, if the memorandum were to be viewed by members of the STG referenced in the memorandum, those members could possibly uncover the identity of the inmates identified. In such an instance, it is possible that the inmates or their family members located outside of a CDCR institution could be targeted for harm because the identified inmates cooperated with law enforcement. Further, there is a public interest in granting this Motion as Plaintiff cannot reasonably secure the confidential memorandum given the common living areas of a prison." (Id. at 4) (citations omitted).

Finally, Defendants argue that there would be no prejudice to Plaintiff in granting a protective order because Plaintiff has already had an opportunity to review the confidential memorandum and he can review it again even with the protective order in place.  (Id. at 5).  Plaintiff also indicated that he did not oppose such an arrangement at the discovery dispute hearing on November 10, 2022.  (Id.).

"Accordingly, Defendants request a protective order permitting Defendants to produce the confidential memorandum with bates numbers AGO 37–40 to Plaintiff by making a copy of the memorandum available for his review under the supervision of the litigation coordinator at his institution rather than having a copy of the memorandum in his possession and to prevent Plaintiff from disclosing the memorandum, or its contents, to any other person, even if inadvertent."  (Id. at 5).

          b.   Plaintiff's Opposition

On February 22, 2023, Plaintiff filed his opposition to the motion for a protective order.  (ECF No. 153).

Plaintiff argues that Defendants' arguments are duplicative of arguments the Court already considered and overruled.  (ECF No. 153, pgs. 1-2).  Defendants make the same safety and security arguments they previously raised in opposition to Plaintiff's motion to compel.  (Id. at 4).  Additionally, the Court addressed the safety concerns by ordering redactions of names.  (Id. at 5).  Moreover, Plaintiff has no intention to distribute the confidential memorandum to other inmates.  (Id.).  Finally, Plaintiff argues that Defendants' motion is really an improper motion for reconsideration.  (Id.).

Plaintiff also argues that the protective order requested by Defendants would be extremely prejudicial to Plaintiff.  (Id. at 7).  While Plaintiff stated at the discovery dispute hearing that he did not necessarily need to possess the confidential memorandum, circumstances have changed.  Defendants have withdrawn from settlement negotiations and indicated that they will be filing a motion for summary judgment.  (Id.).  Plaintiff intends to use information from the confidential memorandum in both his opposition to Defendants' motion for summary judgment and in his own motion for summary judgment.  (Id. at 7-8 & 13).

Plaintiff argues that being ordered to return the confidential memorandum now would "infringe upon his burden of production and pursuation [sic]." (Id. at 8).

### c.  Defendants' Reply

On March 6, 2023, Defendants filed their reply. (ECF No. 154).

Defendants argue that their motion for a protective order is not a motion for reconsideration. (ECF No. 154, p. 2). Additionally, the Court has not overruled the safety and security concerns raised by Defendants. (Id. at 2-3).

Finally, Defendants argue that a protective order will not prejudice Plaintiff because the confidential memorandum is not relevant in opposing or moving for summary judgment. (Id. at 4). Further, Plaintiff "would still be able to review the confidential memorandum under supervision, and rely on the memorandum as necessary in litigating this case." (Id. at 4-5).

Alternatively, "Defendants request that a protective order issue that would only allow this record to be filed under seal and not on the case's public docket. To permit filing under seal, Defendants will provide Plaintiff with two copies of the confidential document upon receipt of written notice to Defendants' counsel. Should Plaintiff elect to not use the confidential memorandum in a motion for summary judgment, Defendants further request that a protective order require Plaintiff to return the two service copies to Defendants." (Id. at 4) (footnote omitted).

## II.   LEGAL STANDARDS

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002)

Issuance of a protective order is governed by Federal Rule of Civil Procedure 26(c), which provides, in relevant part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….

Fed. R. Civ. P. 26(c)(1).

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Ests. of Byrd, 307 F.3d at 1210-11. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." (Id.). In conducting this balancing, the Court considers the following factors: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." In re Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 424 n.5 (9th Cir. 2011) (citation omitted).

"But even when the factors in this two-part test weigh in favor of protecting the discovery material (i.e., where the court determines that disclosure of information may result in 'particularized harm,' and the private interest in protecting the discovery material outweighs the public interest in disclosure), a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." Id. at 425.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Phillips ex rel. Estates of Byrd, 307 F.3d at 1211-12.

### III.   ANALYSIS

The Court has reviewed the confidential memorandum, as well as the parties' filings, and finds that Defendants' motion should be granted.[1]

---

[1] While the Court is ruling on the merits of the motion, the Court takes issue with Defendants' failure to request the protective order earlier. Defendants filed this motion for protective order after it already provided the document to Plaintiff, following an order granting Plaintiff's motion to compel. Defendants did not seek this relief in connection with Plaintiff's motion to compel, including at the telephonic hearing. The Court appreciates

First, the Court finds that Defendants have shown particularized harm if the memorandum is allowed to be disclosed to the public. "The confidential memorandum summaries [sic] a conversation between an inmate informant and a correctional officer regarding a murder plot on an unidentified inmate and gang activity on the facility. The memorandum also addresses the actions taken by correctional officers to investigate that plot." (ECF No. 151-1, p. 3). Defendants claim that disclosure of the information contained in this memorandum "could have a number of adverse effects, including discouraging inmates and staff from coming forward and openly participating in CDCR investigations; causing harm to other inmates, prison officials and employees; or educating inmates as to CDCR investigatory methods." (Id.). While the Court does not agree that all of these concerns are well-founded, such as the disclosure of general investigative methods, it is concerned that the specific contents of the memorandum pose colorable safety and security concerns. Specifically, the memorandum refers (albeit in redacted form) to a confidential informant about a potential murder plot. Accordingly, the Court finds that Defendants raise specific and legitimate safety and security concerns.

The Court next balances the public and private interests to decide whether a protective order is necessary, and after weighing the factors, the Court finds that a protective order is necessary. There is no indication that Plaintiff (or anyone else) has sought the information for an improper purpose, or that the information will embarrass any party. Moreover, Plaintiff argues that the confidential memorandum supports his case, and alleged wrongdoing by public employees is of at least some interest to the public. However, the document, in and of itself, does not appear to show wrongdoing by public employees. It merely provides context for the searches that were later performed on Plaintiff. Moreover, the Court finds persuasive Defendants' argument that disclosure of the document could endanger the inmate(s) that provided confidential information. Moreover, there is no indication that the information being

---

Plaintiff's frustration at being asked to return a document that Defendants were compelled to produce. Nevertheless, given the significant safety and security concerns, and the process to allow Plaintiff to use the memorandum in the case, the Court does not find any prejudice from Defendants' delay in filing the motion.

sought is important to public health and safety, and there is no indication that the sharing of this information among litigants would promote fairness and efficiency. Finally, the Court finds persuasive Defendants' argument that "Plaintiff cannot reasonably secure the confidential memorandum given the common living areas of a prison." (Id.). Thus, the factors support the issuance of the requested protective order.

Turning to Plaintiff's arguments, while the Court found that Plaintiff should be provided with the confidential memorandum, the Court never specifically ruled on whether a protective order should be issued. Additionally, the fact that Plaintiff has no intention to distribute the confidential memorandum does not change the analysis. While Plaintiff states that he will not distribute the confidential memorandum, there is no indication that Plaintiff is willing to enter into a stipulated protective order stating as such. Moreover, given the common living areas of a prison, it does not appear that Plaintiff has the ability to keep the memorandum confidential in any event.

Finally, Plaintiff argues that he will be prejudiced by the protective order. However, Plaintiff himself indicated at the hearing on the relevant motion to compel that he did not need to physically possess the documents in his living quarters. Plaintiff states that he will be prejudiced because he needs to use the confidential memorandum in both his opposition to Defendants' motion for summary judgment and in his own motion for summary judgment. However, the protective order will not prevent Plaintiff from using the memorandum. Instead, it will only prevent Plaintiff from possessing a copy of the memorandum. Plaintiff will still be able to view the memorandum, and the Court will set procedures to ensure that Plaintiff will be able to utilize the memorandum in his own motion for summary judgment and/or in opposition to Defendants' motion for summary judgment.[2]

---

[2] Defendants agree to allowing the memorandum to be used in conjunction with summary judgment motions. (ECF No. 154, p. 4) ("Alternatively, Defendants request that a protective order issue that would only allow this record to be filed under seal and not on the case's public docket. To permit filing under seal, Defendants will provide Plaintiff with two copies of the confidential document upon receipt of written notice to Defendants' counsel. Should Plaintiff elect to not use the confidential memorandum in a motion for summary judgment, Defendants further request that a protective order require Plaintiff to return the two service copies to Defendants.") (footnote omitted). The Court appreciates Defendants' willingness to facilitate the filing of the document upon Plaintiff's request, and orders modified procedures below.

Finally, the Court has considered whether redacting portions of the memorandum would nevertheless allow disclosure. However, the Court has already allowed redactions, and even with redactions, there are legitimate safety and security concerns if the confidential memorandum were to be disclosed to other inmates or the public.

Accordingly, the Court will grant Defendants' motion for a protective order.

**IV.   ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Defendants' motion for a protective order is granted.
2. Plaintiff must return the confidential memorandum (AGO 37-40) to CDCR staff upon receipt of this order.
3. CDCR staff will retain a copy of confidential memorandum (AGO 37-40), in redacted form, and provide Plaintiff the ability to review the document upon reasonable notice.
4. If Plaintiff wants to use the memorandum in support of his motion for summary judgment and/or in opposition to Defendants' motion for summary judgment, at least fourteen days prior to the deadline for the filing, Plaintiff shall write to Defendants to inform them of such. Upon receipt of Plaintiff's notice, Defendants shall file a copy of the confidential memorandum (AGO 37-40) with the Court.[3] Defendants should note that they are filing the document at Plaintiff's request. Plaintiff may then refer to the confidential memorandum in his filing(s), and the Court will consider the confidential memorandum as evidence submitted by Plaintiff.[4]

\\\
\\\
\\\

---

[3] If Defendants file the document, they may request that it be filed under seal pursuant to the procedures described in Local Rule 141.

[4] If necessary, Defendants may move to seal portions of Plaintiff's motion for summary judgment and/or opposition to Defendants' motion for summary judgment that refer to the confidential memorandum.

5. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **April 13, 2023**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE