IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>                                    Plaintiff,<br><br>       v.<br><br>R. MORENO, et al.,<br><br>                                    Defendants. | Case No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER GRANTING REQUEST TO SEAL<br><br>(ECF No. 200) |

    This matter is before the Court on Defendants' request to seal portions of Plaintiff's motion for summary judgment and statement of undisputed facts. (ECF No. 200). Specifically, Defendants request to seal Plaintiff's references to a confidential memorandum—which concerned an investigation into a murder plot at North Kern State Prison and is subject to a protective order (ECF No. 165)—contained on pages 12:25–15:17 and pages 22:26–24:4 of Plaintiff's motion for summary judgment (ECF No. 170) and undisputed fact numbers 8 and 9 in his statement of undisputed facts (ECF No. 171). Defendants argue that sealing the identified sections of Plaintiff's motion for summary judgment and statement of undisputed facts advances the purpose of the protective order by preserving the safety and security of North Kern State

Prison, its inmates, and staff by keeping information derived from a highly sensitive document out of the public record.[1]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point for this Court's inquiry. *Kamakana*, 447 F.3d at 1178 (citations omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record must meet the compelling-reasons standard by articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see Reberger v. Vern*, No. 3:17-cv-00077-MMD-WGC, 2019 WL 5889293, at *2 (D. Nev. Nov. 12, 2019) (applying compelling-reasons standard where defendants sought "to file exhibits under seal in connection with their motion for summary judgment"). The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (citation omitted). The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted)

The Court finds Defendants' asserted security concerns—that staff and inmates could be endangered were information about the confidential memorandum to remain public—to be sufficiently compelling to seal the limited portions identified in the motion for summary judgment and statement of undisputed facts. *See Gamez v. Gonzalez*, No. 08CV1113 MJL PCL, 2011 WL 1087090, at *4 (E.D. Cal. Mar. 24, 2011) ("Contained within a debriefing report is information regarding the inmate's gang activity and active gang affiliates. Debriefing reports are kept in the confidential section of the prison central files of those inmates who have debriefed. If another

---

[1] Defendants have emailed to the Court's email inbox a request to seal and redacted versions of Plaintiff's motion for summary judgment and statement of undisputed facts. *See* Local Rule 141(b).

inmate were to learn the name and CDC number of an informant, it would place the informant's safety in danger. Thus, disclosure of debriefing reports to Plaintiff would create a hazard to the safety and security of the institution. Also, because debriefing reports are stored in the inmate's central file, disclosure of this information to Plaintiff would violate other inmates' privacy.").

Accordingly, IT IS ORDERED as follows:

1. Defendants' request to seal (ECF No. 200) is granted.
2. The Clerk of Court is directed to seal Plaintiff's motion for summary judgment (ECF No. 170) and statement of undisputed facts (ECF No. 171).
3. By no later than August 18, 2023, Defendants shall file the redacted versions of Plaintiff's motion for summary judgment and statement of undisputed facts that were provided to the Court by email.

IT IS SO ORDERED.

Dated:   **August 16, 2023**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE