UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>   Plaintiff,<br><br>  v.<br><br>R. MORENO, et al.,<br><br>   Defendants. | No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION<br><br>(ECF No. 144, 167) |

Plaintiff Kristin Hardy is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 27, 2022, the Magistrate Judge issued an order denying Plaintiff's motion to compel the following documents from non-parties California Department of Corrections and Rehabilitation ("CDCR") Archives Unit ("Archives Unit") and North Kern State Prison ("NKSP"):

> (1) holding cell logs/records that indicate the name and rank of the officer(s) that supervised Plaintiff while he was detained in the gym holding cell on January 6, 2019; and
>
> (2) emails/electronically stored information regarding program status report(s) regarding the searches of Facility A that were issued and authorized between the dates of January 1, 2019, through January 6, 2019.

///

1

(ECF No. 134 at 4–5 (citing ECF No. 105).)  The Magistrate Judge had previously deferred ruling on the motion to compel these documents in order to allow the Archives Unit and NKSP time to look for them.  (*Id.* at 2 (citing ECF No. 118).)  On December 15, 2022, the Archives Unit and NKSP filed a supplemental report indicating that, after a reasonable and diligent search, they were unable to locate documents responsive to Plaintiff's request for holding cell logs/records.  (*Id.* at 3 (citing ECF No. 130).)  In terms of the emails/electronically stored information regarding searches of Facility A, the Archives Unit and NKSP located and produced several emails and three memoranda.  (*Id.* at 4.)  After receiving these responses, the Magistrate Judge concluded that there was no need to compel further information from the Archives Unit and NKSP and denied the motion to compel.  (*Id.*)

Plaintiff filed a motion for reconsideration on January 19, 2023.  (ECF No. 144.)  The Archive Unit and NKSP filed an opposition on January 26, 2023.  (ECF No. 147.)  Plaintiff did not file a reply.  Rather, the day after filing his motion for reconsideration, Plaintiff filed another motion to compel, again requesting production of holding cell logs and seeking sanctions against the Archives Unit and NKSP for spoliation.  (ECF No. 145 at 1–5.)  That motion contained certain arguments, including citations to the CDCR Operations Manual, that Plaintiff had not included in his initial motion to compel.  The Magistrate Judge issued an order denying Plaintiff's motions on April 13, 2023.  (ECF No. 164.)  In that order, the Magistrate Judge held that Plaintiff had provided no reason to doubt the veracity of the Archive Unit and NKSP's declaration asserting the absence of holding cell logs following a thorough search.  (*Id.* at 3–4.)  The Magistrate Judge also noted that the absence of these records could be due to the fact that CDCR's records retention policy called for their destruction in January 2020, over a year before Plaintiff filed this action.  (*Id.* at 4.)  On April 25, 2023, Plaintiff filed another motion for reconsideration of this second Magistrate Judge order.  (ECF No. 167.)  The Archives Unit and NKSP filed an opposition on May 2, 2023.  (ECF No. 168.)  Plaintiff did not file a reply.

Because both motions for reconsideration concern the same documents and contain almost identical arguments, the Court will rule on them in a single order.

///

## II.

## Legal Standard

A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. R. 303(f). The "clearly erroneous" standard applies to factual determinations and requires reversal when "the district court is left with the definite and firm conviction that a mistake has been made." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). On the other hand, "the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions."[1] *Id.* "Specifically, as to discovery matters, magistrate judges are given broad discretion and their decisions on such matters should not be overruled absent a showing of clear abuse of discretion." *Swenson v. Siskiyou Cnty.*, No. CIV. S–08–1675 FCD/CMK PS, 2010 WL 2574099, at *1 (E.D. Cal. Jun. 24, 2010). "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).

## III.

## Discussion

In his first motion for reconsideration, Plaintiff initially contends that the Magistrate Judge erred in deferring the motion to compel and permitting the Archives Unit and NKSP an opportunity to look for documents responsive to Plaintiff's requests. (ECF No. 144 at 2.) If Plaintiff wanted reconsideration of the Magistrate Judge's decision to defer ruling on the motion to compel, he should have made that motion at the time of that ruling, which occurred on November 18, 2022. *See* Fed. R. Civ. P. 72(a) (setting a fourteen-day deadline for filing motions

---

[1] It is unclear the extent to which the "contrary to law" standard differs from de novo review. *See SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different courts). "At a minimum, it is less deferential than the 'clearly erroneous' standard applicable to the magistrate judge's factual determinations and acts of discretion." *Comput. Econ., Inc.*, 50 F. Supp. 2d at 983 n.2.

for reconsideration of orders on non-dispositive motions). Plaintiff's first motion for reconsideration is dated January 11, 2023, almost two months after the Magistrate Judge's ruling to defer the motion to compel. The Court, therefore, declines to consider Plaintiff's argument on this matter.

Additionally, Plaintiff contends that the Magistrate Judge should not have credited the assertion that the Archives Unit and NKSP conducted a reasonable and diligent search for the requested holding cell logs/records. (ECF No. 144 at 2.) Because CDCR policies required the Archives Unit and NKSP to retain these records, he argues, their inability to locate them is suspect, and the Magistrate Judge should have required some proof that the records had been either lost or destroyed. (*Id.* at 2–3.) Plaintiff concludes that the Archives Unit and NKSP must be lying about the existence of any holding cell logs because he knows that former Defendant Kelly Santoro, when responding to Plaintiff's institution-level grievance, reviewed a January 4, 2019 holding cell log that Defendant D. Ceballos created. (*Id.* at 4.) Plaintiff contends that, had the Magistrate Judge been aware of the CDCR Operation Manual's records management processes, she would have ruled differently or at least asked for further clarification about why the records were not available. (*Id.* at 5–6.) He largely repeats these same arguments in both his subsequent motion to compel and second motion for reconsideration. (ECF No. 145 at 2–4; ECF No. 168.)

These arguments are unavailing. First, the Court notes that Plaintiff's belief in the existence of holding cell logs derives from an institutional level grievance response he received on February 4, 2019. (*See* ECF No. 43 at 32.) That document states that an internal investigation concerning Plaintiff's grievance included the review of "Inmate/Parolee Appeal Form CDCR-602, *Holding cell log*, Medical Report of Injury or Unusual Occurrence (X2), cell search receipt, assignment roster 01/06/2019, CDCR-115 and Program Status Report NKSP-19-001." (*Id.* (emphasis added).) Defendants, however, provided a declaration to the Magistrate Judge affirming that "there were no holding cell logs or records documenting Hardy's time in the holding cell on January 6, 2019." (ECF No. 134 at 3 (quoting ECF No. 130 at 6); ECF No. 164 at 3–4 (citing ECF No. 152-3 at 1).) Moreover, the Magistrate Judge's second ruling on the motion

4

to compel noted that the Archives Unit and NKSP had provided an explanation for the absence of the requested records: they were likely destroyed pursuant to CDCR policy. (ECF No. 164 at 3–4.) After considering the arguments of the parties and the facts each presented, the Magistrate Judge was satisfied that Defendants had conducted a diligent and reasonable search for a document that may have existed at one point but no longer did. This determination was not clearly erroneous or contrary to law. Plaintiff's assertion that any destruction of the relevant records would have violated CDCR's records retention policies is unpersuasive. Moreover, as the Magistrate Judge recognized, Plaintiff has failed to cite any law suggesting what effect internal CDCR policies should have on federal discovery requirements.

Because the Magistrate Judge's orders on Plaintiff's motions to compel were not clearly erroneous or contrary to law, neither was the ruling on Plaintiff's motion for sanctions. Even assuming the holding cell logs were relevant, Plaintiff has presented no evidence that the Archives Unit and NKSP intentionally destroyed them following the initiation of the instant lawsuit or that they destroyed any documents with a culpable state of mind. The Magistrate Judge, therefore, properly refused to sanction the Archives Unit and NKSP.

## IV.

## Conclusion

After considering Plaintiff's motions for reconsideration, the Court concludes that neither the Magistrate Judge's deferred ruling on Plaintiff's October 27, 2022 motion to compel nor the Magistrate Judge's April 13, 2023 order on Plaintiff's second motion to compel were clearly erroneous or contrary to law.

///

///

///

///

///

///

///

Accordingly,

1. Plaintiff's January 19, 2023 motion for reconsideration, (ECF No. 144), is denied;
2. Plaintiff's April 25, 2023 motion for reconsideration, (ECF No. 167), is denied; and
3. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  October 25, 2023

UNITED STATES DISTRICT JUDGE