UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY, | No. 1:21-cv-00327-ADA-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| R. MORENO, et al., | (ECF No. 142) |
| Defendants. | |

**I.**

**Background**

Plaintiff Kristin Hardy is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On January 4, 2023, the Magistrate Judge issued an order granting, in part, and denying, in part, Plaintiff's September 26, 2022 motion to compel production of documents.  (ECF No. 138.)  Plaintiff's request concerned five categories of documents:

> (1) copies of any and all 114-D administrative segregation orders – including any safety and security basis for said orders – for the inmates who occupied cell 206 in building A-2 on January 1st, 2019;

> (2) copies of any and all 114-A1 (10/98), 'inmate segregation profile' prepared by the segregation authority or designee, and for the inmates who occupied cell 206 in building A2 on January 1st, 2019;

1

1

2

(3) any and all disciplinary/rule violation reports issued to the inmates who occupied cell 206 in building A2 on January 1st, 2019;

3

4

(4) any and all information received by North Kern State Prison officials – whether confidential or otherwise – that indicates that an unidentified inmate housed on facility 'A' was targeted for murder (see program status report dated 1-02-19);

5

6

(5) copies of final grand jury reports ('annual') conducted by the Kern County grand jury regarding North Kern State Prison, and for the years2011 through 2021.

7   (*Id.* at 2 (quoting ECF No. 92 at 2).)  Defendants objected to the disclosure of documents in

8   categories 1-4 largely on the official information privilege.  (*Id.* at 3–4.)  Regarding category 5,

9   Defendants claimed that, following a diligent search, they were unable to locate documents

10  responsive to Plaintiff's request.  (*Id.* at 6.)  After reviewing the documents from categories 1–4

11  in camera, the Magistrate Judge ordered Defendants to disclose a confidential memorandum

12  containing information that Defendants claimed justified the search of Plaintiff that is at issue in

13  this litigation.  (*Id.* at 5–6.)  The Magistrate Judge found that the relevance of the information in

14  this memorandum and its centrality to this case outweighed the disadvantages of disclosure.  (*Id.*

15  at 5.)  As to the other documents, however, the Magistrate Judge concluded that "these documents

16  have little, if any, probative value to the unreasonable search claims at issue in this case."  (*Id.* at

17  6.)  Accordingly, the Magistrate Judge declined to overrule Defendants' assertion of the official

18  information privilege as to these documents.  (*Id.*)

19          On January 17, 2023, Plaintiff filed a motion for this Court to reconsider the Magistrate

20  Judge's ruling.  (ECF No. 142.)  Defendants R. Chavez, J. Dohs, R. Moreno, and J. Valencia filed

21  an opposition on January 24, 2023.  (ECF No. 146.)  Plaintiff did not file a reply.

22                                          **II.**

23                                  **Legal Standard**

24          A district court will not set aside a magistrate judge's order on a non-dispositive matter

25  unless that order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

26  P. 72(a); E.D. Cal. R. 303(f).  The "clearly erroneous" standard applies to factual determinations

27  and requires reversal when "the district court is left with the definite and firm conviction that a

28  mistake has been made."  *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983

1   (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  On the

2   other hand, "the district court should exercise its independent judgment with respect to a

3   magistrate judge's legal conclusions."[1]  *Id.*  "Specifically, as to discovery matters, magistrate

4   judges are given broad discretion and their decisions on such matters should not be overruled

5   absent a showing of clear abuse of discretion."  *Swenson v. Siskiyou Cnty.*, No. CIV. S–08–1675

6   FCD/CMK PS, 2010 WL 2574099, at *1 (E.D. Cal. Jun. 24, 2010).  "A motion for

7   reconsideration may *not* be used to raise arguments or present evidence for the first time when

8   they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v.*

9   *Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and

10   citation omitted).

**III.**

**Discussion**

13          Plaintiff argues that the undisclosed documents in categories 1-4 are relevant to his

14   unreasonable search claim, and that the Magistrate Judge should have applied "the same logic and

15   legal reasoning" to these documents that she applied to the disclosure of the confidential

16   memorandum.  (ECF No. 142 at 3.)   This is, however, exactly what the Magistrate Judge did.

17   The Magistrate Judge reviewed the documents, considered their probative value, and weighed

18   that probative value against Defendants' safety and security concerns.  (*See* ECF No. 138 at 6.)

19   Even if the documents have some degree of relevance, the mere fact that the Magistrate Judge

20   arrived at a different conclusion regarding the government information privilege does not mean

21   that she employed different logic or legal reasoning than she did when assessing the confidential

22   memorandum.  Rather, after determining that "[m]any of the documents are dated after the search

23   at issue" and that "there is no indication that information contained in any of these documents led

24   to Plaintiff being searched," she ruled that the documents had "little, if any, probative value."

25   (*Id.*)  This is precisely the type of interest balancing in which courts must engage when ruling on

---

[1] It is unclear the extent to which the "contrary to law" standard differs from de novo review.  *See SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different courts).  "At a minimum, it is less deferential than the 'clearly erroneous' standard applicable to the magistrate judge's factual determinations and acts of discretion."  *Comput. Econ., Inc.*, 50 F. Supp. 2d at 983 n.2.

1    issues of government information privilege. *See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511

2    F.2d 192, 198 (9th Cir. 1975).  The fact that Plaintiff believes the documents must be more

3    probative than the Magistrate Judge concluded they are, (*see* ECF No. 142 at 4), is not sufficient

4    to show that the Magistrate Judge abused her discretion.

5          Plaintiff also posits that the Magistrate Judge could have satisfied Defendants' safety and

6    security concerns by permitting him to review the documents rather than obtain physical copies of

7    them.  (ECF No. 142 at 3–4.)  He also claims that he raised this possibility at the hearing on the

8    motion to compel.  (*Id.* at 3.)  Plaintiff does not explain how his knowledge of the contents of

9    these documents, rather than his physical possession of them, would alleviate Defendants' safety

10   and security concerns.  The Magistrate Judge's dismissal of this argument, therefore, reflects a

11   determination that it was not an adequate solution, particularly in light of the documents' limited

12   probative value.  This Court is inclined to agree with that conclusion.

13         Finally, Plaintiff asserts that Defendants' contention that they do not have possession of

14   documents related to category 5 – copies of grand jury reports regarding North Kern State Prison

15   – is "evasive" because the California Department of Corrections and Rehabilitation Operations

16   Manual sets out procedures for publicly documenting grand jury reports.  (ECF No. 142 at 5.)

17   Plaintiff's belief that documents should be in the hands of Defendants, however, does not mean

18   that they are.  The Magistrate Judge reasonably concluded that Plaintiff had not provided any

19   indication that "Defendants failed to conduct a reasonable and diligent search or that responsive

20   documents exist."  (ECF No. 138 at 6.)  There is no reason for the Court to doubt this assessment.

21   Moreover, Plaintiff invokes the Department Operations Manual for the first time in his motion for

22   reconsideration.  Because Plaintiff could have presented this argument to the Magistrate Judge, it

23   would not be proper for this Court to consider it for the first time on a motion for reconsideration.

24   *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

25   ///

26   ///

27   ///

28   ///

1

**IV.**

2

**Conclusion**

3      After considering Plaintiff's motion for reconsideration, the Court concludes that the

4  Magistrate Judge's ruling on Plaintiff's September 26, 2023 motion to compel was not clearly

5  erroneous or contrary to law.

6      Accordingly,

7      1.      Plaintiff's motion for reconsideration, (ECF No. 142), is denied; and

8      2.      This matter is referred back to the Magistrate Judge for further proceedings.

9

10

11  IT IS SO ORDERED.

12    Dated:   October 25, 2023

13                                              UNITED STATES DISTRICT JUDGE