UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. MORENO, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-00327-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER PURSUANT TO FED. R. CIV. P. 60(b)<br><br>(ECF No. 169) |

**I.**

**Background**

Plaintiff Kristin Hardy is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On April 13, 2023, the Magistrate Judge issued an order granting Defendants' motion for a protective order regarding a confidential memorandum that the Magistrate Judge had previously compelled Defendants to disclose to Plaintiff during discovery. (ECF No. 165.) The order required Plaintiff to return his physical copy of the confidential memorandum to California Department of Corrections and Rehabilitation (CDCR) staff. (*Id.* at 8.) Upon reasonable notice, CDCR staff would provide a copy of the memorandum for Plaintiff to review, and, upon advance notice of at least fourteen days, Defendants would file a copy of the memorandum with the Court if Plaintiff used it as evidence

1

1  in his motion for summary judgment. (*Id.*)  In reaching this conclusion, the Magistrate Judge
2  noted that allowing Plaintiff to retain possession of a physical copy of the memorandum posed
3  "colorable safety and security concerns." (*Id.* at 6.)  Moreover, the Magistrate Judge found that
4  issuance of a protective order would not prejudice Plaintiff because he would still be able to view
5  the memorandum and use it in support of a motion for summary judgment. (*Id.* at 7.)
6        On May 18, 2023, Plaintiff filed a motion entitled "Motion for relief from court order
7  pursuant to rule 60(b)." (ECF No. 169.)  Defendants filed an opposition on May 30, 2023, and
8  Plaintiff replied on June 26, 2023.  (ECF Nos. 173, 181.)  Although Plaintiff emphatically
9  characterizes his motion as one brought under Rule 60(b), (*see* ECF No. 181 at 1–2), the Court
10  will also consider his arguments as a motion for reconsideration pursuant to Federal Rule of Civil
11  Procedure 72(a) and Local Rule 303(c).  *See United States v. State of Oregon*, 769 F.2d 1410,
12  1414 n.4 (9th Cir. 1985) ("[T]he label attached to a motion does not control its substance.").

**II.**

**Discussion**

**A.     Motion for Relief from Judgment Under Rule 60(b)**

16        Under certain circumstances, Federal Rule of Civil Procedure 60(b) permits a party to
17  seek relief "from a final judgment, order, or proceeding."  The Rule provides five specific bases
18  for relief, including, as Plaintiff claims is relevant here, "fraud . . . , misrepresentation, or
19  misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  A final basis for relief, known as
20  the savings clause, permits courts to provide relief for "any other reason that justifies relief."  *Id.*
21  60(b)(6).  Rule 60(b) "applies only to motions attacking final, appealable orders."  *United States*
22  *v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); *see also Corn v. Guam Coral Co.*, 318 F.2d
23  622, 629 (9th Cir. 1963) ("It follows that the 'final' judgments, orders or proceedings . . . are
24  those which terminate the litigation in the district court subject only to the right of appeal.").
25        To the extent that Plaintiff brings his motion under Rule 60(b), the Court must deny it.
26  The substance of the Magistrate Judge's order related to discovery procedures and was not final
27  within the meaning of Rule 60(b).  *See Chacko v. AT&T Umbrella Benefit Plan No. 3*, No. 2:19-
28  cv-01837-JAM-DB, 2021 WL 5529877, at *1 (E.D. Cal. Nov. 24, 2021) (denying motion to

reconsider denial of discovery order was not final); *Cooper v. San Bernardino Sheriff*, No. ED CV 16-949-PSG (PLA), 2017 WL 10545094, at *1 (C.D. Cal. July 14, 2017) (holding that discovery order is not a final order); *Kashani v. Adams*, No. 08cv0268 JM (AJB), 2009 WL 1068862, at *1 (S.D. Cal. Apr. 21, 2009) (same); *see also Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065, 1067 (9th Cir. 2008) ("[T]he general rule is that discovery orders are interlocutory in nature and nonappealable under [28 U.S.C. §] 1291.").[1] Accordingly, it would be improper for the Court to consider Plaintiff's motion.

**B.     Motion for Reconsideration Under Rule 72(a) and Local Rule 303(c)**

A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. R. 303(f). The "clearly erroneous" standard applies to factual determinations and requires reversal when "the district court is left with the definite and firm conviction that a mistake has been made." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). On the other hand, "the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions."[2] *Id.* "Specifically, as to discovery matters, magistrate judges are given broad discretion and their decisions on such matters should not be overruled absent a showing of clear abuse of discretion." *Swenson v. Siskiyou Cnty.*, No. CIV. S–08–1675 FCD/CMK PS, 2010 WL 2574099, at *1 (E.D. Cal. Jun. 24, 2010). "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v.*

---

[1] Certain discovery orders may be "final" within the meaning of Rule 60(b) under the collateral order doctrine. *See Truckstop.net, LLC*, 547 F.3d at 1067–68. "An order is immediately appealable under the collateral order doctrine when it '(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.'" *Id.* at 1068 (quoting *Sell v. United States*, 539 U.S. 166, 176 (2003)). While Plaintiff insists that the Magistrate Judge's order was "final" within the meaning of Rule 60(b), (ECF No. 181 at 1), he does not mention the collateral order doctrine, much less make a showing that the doctrine would apply to an order of this nature.

[2] It is unclear the extent to which the "contrary to law" standard differs from de novo review. *See SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different courts). "At a minimum, it is less deferential than the 'clearly erroneous' standard applicable to the magistrate judge's factual determinations and acts of discretion." *Comput. Econ., Inc.*, 50 F. Supp. 2d at 983 n.2.

3

*Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).  To be timely, a party must file a motion for reconsideration within fourteen days of service of the order in question.  Fed. R. Civ. P. 72(a).

Here, Plaintiff seeks reconsideration of an April 13, 2023 order.  While the Court docketed Plaintiff's motion for reconsideration on May 18, 2023, the motion is dated May 14, 2023, a month after service of the order in question.  (ECF No. 169 at 13.)  Plaintiff's motion, construed as a motion for reconsideration under Rule 72(a), is, therefore, untimely.

Even if the motion was timely, Plaintiff has not provided the Court any reason to second-guess the Magistrate Judge's conclusions.  Plaintiff's arguments are two-fold.  First, he claims that Defendants have failed to comply with the Magistrate Judge's order to file a copy of the confidential memorandum upon notice of Plaintiff's intent to use it as evidence in his motion for summary judgment.  (*Id.* at 5–7.)  To the extent that Plaintiff believes Defendants are failing to comply with the Magistrate Judge's order, this argument does not provide a reason for the Court to doubt the Magistrate Judge's factual findings or conclusions of law.  Rather, Plaintiff should seek compliance through a motion to compel or a motion for sanctions.

Second, Plaintiff argues that the Magistrate Judge granted the original order based on misrepresentations that Defendants made in their moving papers.  (*Id.* at 8–10.)  Specifically, he claims that, contrary to Defendants' arguments, redaction of names in the confidential memorandum would be sufficient to protect the identities of the informant named in it.  (*Id.* at 8.)  Additionally, he states that, contrary to Defendants' assertions, the memorandum does not contain discussions of investigatory methods, the dissemination of which would compromise other prison investigations.  (*Id.* at 9.)  Neither of these arguments amount to misrepresentations, and neither support reconsideration of the Magistrate Judge's order.  First, the Magistrate Judge explicitly declined to consider the potential disclosure of investigative methods as a factor supporting the issuance of the protective order.  (*See* ECF No. 165 at 6 ("While the Court does not agree that all of these concerns are well-founded, such as the disclosure of general investigative methods, it is concerned that the specific contents of the memorandum pose colorable safety and security concerns.").)  Second, the Magistrate Judge had an opportunity to assess the contents of the

1  confidential memorandum and determined that redaction was not sufficient to address substantial
2  safety concerns. (*See id.* at 8.) Plaintiff's disagreement with this assessment does not mean that
3  the Magistrate Judge's conclusion was clearly erroneous or an abuse of discretion.

4      Plaintiff also points out that he resides in administrative segregation, undermining
5  Defendants' argument that a cellmate would be able to access the confidential memorandum, if he
6  retained a hard copy. (*Id.* at 9.) Moreover, Plaintiff contends that Defendants' concerns about the
7  memorandum falling into the hands of the Security Threat Group prison gang are unfounded
8  because Defendant no longer resides at the same prison as the gang. (*Id.* at 9–10.) As an initial
9  matter, Plaintiff did not raise these arguments in his opposition to the original motion for a
10 protective order, so considering them on a motion for reconsideration would be improper. *See*
11 *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Moreover, the Magistrate Judge found persuasive
12 the general proposition that the existence of common living areas in prison would make it
13 difficult for Plaintiff reasonably to secure the confidential memorandum. As Plaintiff admits in
14 his motion for reconsideration, his housing placement is not set in stone. (*See* ECF No. 169 at 9–
15 10 (noting that Plaintiff's term in administrative segregation may end in several months and
16 noting a transfer from North Kern State Prison). Given the fluid nature of Plaintiff's housing
17 status, it was not clearly erroneous for the Magistrate Judge to credit Defendants' safety and
18 security arguments.

### III.
### Conclusion

Accordingly,

1. Plaintiff's motion for relief from judgment, (ECF No. 169), is denied;
2. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   November 2, 2023

UNITED STATES DISTRICT JUDGE

5