1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KRISTIN HARDY,                              No.  1:21-cv-00327-ADA-EPG (PC)

12                   Plaintiff,

13            v.                                   ORDER DENYING MOTION FOR
                                                   RECONSIDERATION
14    R. MORENO, et al.,
                                                   (ECF No. 72)
15                   Defendants.

16

17                                                       **I.**

18                                              **Background**

19           Plaintiff Kristin Hardy is a state prisoner proceeding pro se and in forma pauperis in this

20    civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States

21    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On July 25, 2022,

22    the Magistrate Judge denied Plaintiff's motion to hold Defendant D. Ceballos in contempt for

23    failing to respond to the complaint.  (ECF No. 71.)  In that order, the Magistrate Judge noted that

24    Defendant Ceballos' failure to respond had already resulted in an entry of default.  (*Id.* at 3.)

25    Plaintiff had demonstrated neither that this sanction was insufficient nor that there were any

26    reasons for the Magistrate Judge to treat Defendant Ceballos differently than other defendants

27    who fail to respond to a complaint.  (*Id.*)  On August 22, 2022, Plaintiff filed a motion for

28    reconsideration.  (ECF No. 72.)  No party filed an opposition.

                                                   1

**II.**

**Legal Standard**

A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. R. 303(f).  The "clearly erroneous" standard applies to factual determinations and requires reversal when "the district court is left with the definite and firm conviction that a mistake has been made."  *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  On the other hand, "the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions."[1]  *Id.*  A court's use of its inherent power to hold a party in contempt is an exercise of discretion.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  It also requires factual findings of bad faith or the willful violation of a court order.  *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).  Accordingly, district courts should use the "clearly erroneous" standard to review a magistrate judge's contempt order. *Accord Lakes v. Bath & Body Works, LLC*, No. 2:16-cv-02989, 2021 WL 2894402, at *1 (E.D. Cal. July 9, 2021).  "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).

**III.**

**Discussion**

Plaintiff argues that the Magistrate Judge erred in stating that the default entered against Defendant Ceballos prevents him from defending this case because Defendant Ceballos can still move for an order lifting the entry of default.  (ECF No. 72 at 1–2.)  Additionally, because a final judgment against Plaintiff would relieve Defendant Ceballos of the default, Plaintiff claims that

---

[1] It is unclear the extent to which the "contrary to law" standard differs from de novo review.  *See SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different courts).  "At a minimum, it is less deferential than the 'clearly erroneous' standard applicable to the magistrate judge's factual determinations and acts of discretion."  *Comput. Econ., Inc.*, 50 F. Supp. 2d at 983 n.2.

1    the Magistrate Judge's framing of the default as a "sanction" is inappropriate.  (*Id.* at 4.)  Even if

2    it was proper to construe the default as a sanction, Plaintiff argues that the sanction is insufficient

3    to compel Defendant Ceballos' participation in this lawsuit, allowing him to evade justice and

4    preventing Plaintiff from seeking necessary discovery from him.  (*Id.* at 3–5.)

5        None of Plaintiff's arguments are compelling.  First, whether it is proper to define a

6    default judgment as a "sanction" is immaterial.  The Magistrate Judge was not obligated to levy

7    any sanction against Defendant Ceballos and used his discretion to determine that it was

8    inappropriate to treat Defendant Ceballos differently than other similarly situated defendants.

9    This decision was not clearly erroneous.  The fact that a final judgment against Plaintiff may

10   relieve Defendant Ceballos of the default does not alter this conclusion.  Plaintiff cites to *In re*

11   *First T.D. & Inv., Inc.*, 253 F.3d 520, 533 (9th Cir. 2001), which held that it would be unfair to

12   allow a party to obtain a default judgment against a defendant on a legal theory that the court

13   rejected with regard to other co-defendants in the same case.  (*See* ECF No. 72 at 4.)  Plaintiff

14   does not provide any authority as to why this proposition warrants sanctions in this case.  Nor

15   does Plaintiff cite to any cases where a court determined that it was proper to issue a contempt

16   order, rather than, or in addition to, an entry of default, against a non-answering defendant.

17   Finally, while Plaintiff claims prejudice from the fact that he cannot serve discovery on

18   Defendant Ceballos, he does not explain what discovery he expects to receive or why discovery

19   from the other defendants in this case would be insufficient to prosecute Plaintiff's case against

20   the remaining defendants.  The Court cannot find that the Magistrate Judge's rejection of

21   Plaintiff's arguments was clearly erroneous.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Accordingly,

1.    Plaintiff's August 22, 2023 motion for reconsideration, (ECF No. 72), is denied; and

2.    This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   November 13, 2023

_____
UNITED STATES DISTRICT JUDGE

4