UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>                    Plaintiff,<br><br>        v.<br><br>D. CEBALLOS, et al.,<br><br>                    Defendants. | Case No.   1:21-cv-00327-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' BE DENIED COSTS<br><br>(ECF Nos. 243, 257)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.     INTRODUCTION

Plaintiff Kristin Hardy is a state prisoner proceeding *pro s*e and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case initially proceeded on Plaintiff's claims that Defendants subjected him to an unclothed search in violation of the Fourth Amendment. (ECF No. 22.)

However, after reviewing the dispositive motions filed by Plaintiff and Defendants Moreno, Chavez, Valencia, and Dohs (collectively, "Moving Defendants"), the Court issued findings and recommendations (ECF No. 237) to deny Plaintiff's motion for summary judgment (ECF No. 170) and to grant Moving Defendants' motion for summary judgment (ECF No. 184). The District Judge adopted those findings and recommendations on March 25, 2025 (ECF No. 241) and entered judgment in Defendants' favor on October 9, 2025 (ECF No. 255). The Court awarded default judgment in favor of Plaintiff and against Defendant Ceballos on September 22, 2026. (ECF No. 253).

1

Moving Defendants filed their bill of costs on April 3, 2025, requesting $1,651.20 for deposition-related expenses. (ECF No. 243). On October 9, 2025, the same day the judgment was entered, the Clerk taxed costs of the transcript against Plaintiff for $1,092.50. (ECF No. 257). Plaintiff objected to the costs taxed on October 20, 2025. (ECF No. 68). Moving Defendants did not respond to Plaintiff's objections, and the objections are now before the Court.

For the reasons given below, the Court will recommend that Defendants be denied costs.

## II.    ANALYSIS

Local Rule 292(e) states that "[o]n motion filed and served within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)." The Court construes Plaintiff's objections as a motion requesting the Court to review the taxing of costs.

Federal Rule of Civil Procedure 54(d)(1) provides as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Although the Ninth Circuit has interpreted this "as creating a presumption for awarding costs to prevailing parties," the Rule "also vests in the district court discretion to refuse to award costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations and internal quotation marks omitted). In determining whether to exercise such discretion, the Ninth Circuit has directed courts to consider a non-exhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* Importantly, "a losing party need not demonstrate that all five factors weigh against imposing costs." *Id.*

As for the first factor—the substantial public importance of the case—individual Fourth Amendment cases are important for safeguarding the rights and safety of prisoners. *Id.* at 1088. In this case, although ultimately unsuccessful, Plaintiff raised important issues about unreasonable strip searches by correctional officers, which weighs against awarding costs to Defendants.

As for the second factor— the closeness and difficulty of the issues in the case—the Court notes that, at the summary judgment stage, Plaintiff presented his argument by pointing to various

declarations submitted in the case, citing relevant prison policies, and arguing the application of case law. (ECF Nos. 170, 195, 203). Moreover, Plaintiff ultimately prevailed and received a default judgment against Defendant Ceballos, who was employed by the California Department of Corrections at the time. (ECF Nos. 253, 254). Thus, the Court has found some basis for Plaintiff's lawsuit. There is no indication that Plaintiff filed the lawsuit in bad faith. *See Murray v. Warden*, No. 2:19-CV-2114-DAD-AC, 2023 WL 3168368, at \*2 (E.D. Cal. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 5155800 (E.D. Cal. Aug. 10, 2023) (recommending denial of costs where Plaintiff lost motion for summary judgment, in part, because "[t]here [was] no evidence of bad faith or misconduct in bringing this lawsuit").

As for the third factor—the chilling effect on future similar actions—an award of $1,092.50 in costs could chill similar lawsuits challenging Fourth Amendment violations in jails and prisons. *See Draper*, 836 F.3d at 1088. This factor weighs in favor of Plaintiff.

Lastly, the fourth and fifth factors— the plaintiff's limited financial resources and the economic disparity between the parties—weigh in Plaintiff's favor.  When Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust fund statement showing his last available balance at $0.00. (ECF Nos. 8, 9). While Plaintiff has been awarded a default judgment against Defendant Ceballos for $10,000, Plaintiff must attempt to collect the award through legal process, which is difficult for attorneys to navigate and even more challenging for unrepresented parties. Further, Plaintiff's continued incarceration makes it unlikely that his economic circumstances will improve.

In contrast, Defendants are represented by the California Office of the Attorney General. (*See* ECF Nos. 25, 27, 46). As the Ninth Circuit has noted, "[t]here is no comparison between [an inmate plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, 836 F.3d at 1089.

In short, considering all the relevant circumstances in this case, the Court will recommend that Defendants be denied costs. *Murray*, 2023 WL 3168368, at \*1 (recommending denial of $1,519.78 in costs associated with taking plaintiff's deposition although court granted summary judgment to defendant).

\\\

**III.    CONCLUSION AND RECOMMENDATIONS**

For the reasons given above, IT IS RECOMMENDED that Defendants be denied costs. (ECF Nos. 243, 257).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 3, 2026**                          /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE

4