UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>               Plaintiff,<br><br>     v.<br><br>D. CEBALLOS,<br><br>               Defendant. | Case No.  1:21-cv-00327-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO REGISTER JUDGMENT<br><br>(ECF No. 258)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S REQUEST TO SERVE DISCOVERY ON DEFENDANT CEBALLOS<br><br>(ECF No. 258)<br><br>ORDER ALLOWING PLAINTIFF TO SERVE DISCOVERY BY SUBPOENA<br><br>(ECF No. 258)<br><br>ORDER DIRECTING CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |

I.     **INTRODUCTION**

Plaintiff Kristin Hardy is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case initially proceeded on Plaintiff's claims that Defendants subjected him to an unclothed search in violation of the Fourth Amendment. (ECF No. 22.)

On September 22, 2025, the District Judge awarded default judgment in favor of Plaintiff and against Defendant Ceballos. (ECF Nos. 253, 254). Plaintiff was awarded $5,000 in

1

compensatory damages and $5,000 in punitive damages against Defendant Ceballos. (ECF No. 253 at 2).

On October 16, 2025, Plaintiff filed an Application to Register Judgment and Request for Discovery. (ECF No. 258). Plaintiff asks this Court "to register the judgment of the Court" in this matter and to issue an "order allowing Plaintiff to conduct discovery against Defendant Ceballos, who is the judgment debtor in this matter, and in preparation for the filing of a writ of execution to enforce the debt owed by said Defendant."[1] (*Id.* at 1).

For the reasons described below, the Court denies Plaintiff's application to register the judgment but grants, in part, Plaintiff's request for discovery and will permit Plaintiff to serve his discovery requests by subpoena.

## II.    ANALYSIS

### A.  Application to Register Judgment

Plaintiff seeks to register the underlying judgment against Defendant Ceballos under 28 U.S.C. § 1963, which states:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. Thus, a party may register a certified copy of the judgment from one court, such as a federal district court, with another court where the party is seeking to execute on the judgment, such as a state court. For example, if a party was awarded a judgment in federal district court and wanted to execute on the judgment debtor's assets located outside the jurisdiction of the federal district court, the party could obtain a certified copy of the original judgment and register it with the state court that had jurisdiction over the assets. However, a judgment in federal court

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

does not need to be registered in the same court that rendered the judgment, because a federal district court can enforce its own judgments. *Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017) ("Ordinarily a court enforces its own judgments.").

Accordingly, Plaintiff does not need to register this Court's judgment in order to pursue execution and collection efforts. Plaintiff's application to register the judgment is denied.

### B. Request to Propound Discovery on Defendant Ceballos

Plaintiff requests "that the Court issue an order allowing Plaintiff to conduct discovery of Defendant Ceballos' financial assets" by allowing Plaintiff "to take written depositions pursuant to Federal Rule 31, interrogatories per Rule 33, production of documents per Rule 34 and admissions per Rule 36." (ECF No. 258 at 3-4). Plaintiff also requests that "the Court place no limitation on the number of interrogatories and admissions that can be served on the defaulting defendant" and that "the Court appoint an officer to locate Defendant Ceballos and serve him or his counsel with Plaintiff's discovery requests." (*Id.* at 4).

Federal Rule of Civil Procedure 69(a) provides:
(a) In General.

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Thus, as an initial matter, Plaintiff is permitted to obtain discovery from Defendant Ceballos under the Federal Rules of Civil Procedure,[2] and Plaintiff generally does not need the Court's permission unless required by Rule. *El Salto, S. A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971) ("A judgment creditor proceeding under Rule 69(a) may utilize either state practice or the Federal Rules for taking depositions."); *see also Pabban Dev., Inc. v. Sarl*, No. CV1000533BRORNBX,

---

[2] Plaintiff requests an "order allowing Plaintiff to conduct discovery" pursuant to Fed. R. Civ. P. 31, 33, 34, 36. (ECF No. 258 at 3-4). As such, the Court understands that Plaintiff is pursuing post-judgment discovery going forward under the Federal Rules of Civil Procedure.

2015 WL 12731928, at *3 (C.D. Cal. Mar. 10, 2015) ("When conducting post-judgment discovery, however, judgment creditors can rely on either state or federal law.")

However, Plaintiff must obtain leave to propound unlimited interrogatories on Defendant Ceballos. Fed. R. Civ. P. 33. Federal Rule of Civil Procedure 33 states that, "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." (*Id.*). Fed. R. Civ. P. 26(b)(2) allows a court to "alter the limits in these rules on the number of depositions and interrogatories…." Plaintiff has not explained why he requires an unlimited number of interrogatories to pursue his collection efforts. Therefore, the Court denies Plaintiff's request to serve unlimited interrogatories and limits Plaintiff to 25 interrogatories as described in Fed. R. Civ. P. 33(a)(1). Thereafter, if Plaintiff believes additional interrogatories are still needed, he can seek leave from the Court by filing a motion describing why they are necessary.

Plaintiff asks the Court for leave to propound unlimited requests for admission under Fed. R. Civ. P. 36. While Rule 36 does not impose a numerical limit on the number of admissions that one party can serve on another, the Court notes that Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim…and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Because Plaintiff does not need to seek leave from the Court, his motion to serve unlimited requests for admissions is denied as moot.

Plaintiff also requests leave to propound written deposition questions under Fed. R. Civ. P. 31. Federal Rule of Civil Procedure 31 requires Plaintiff to obtain leave of court before deposing "any person, including a party" "if the parties have not stipulated to the deposition…." Fed. R. Civ. P. 31(a)(2). Here, there is no evidence that the parties have stipulated to a deposition by written questions. While the Court grants Plaintiff leave to take Defendant's deposition by written questions, the Court notes:

> The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d)

4

the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions-without any answers-are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, *see* Fed.R.Civ.P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Poorly worded questions will often result in useless answers-a problem that makes procedure particularly difficult for an unrepresented litigant.

*Lopez v. Horel*, No. C 06-4772 SI PR, 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), *aff'd,* 367 F. App'x 810 (9th Cir. 2010).

Finally, the Court will permit Plaintiff to serve his discovery requests by subpoena with the United States Marshals Service executing the service of the subpoena pursuant to the instructions below.

### III.    CONCLUSION

For the reasons given above, IT IS ORDERED that:

1. Plaintiff's application to register judgment is DENIED. (ECF No. 258).

2. Plaintiff's request to propounded discovery on Defendant Ceballos is GRANTED, IN PART. (ECF No. 258). Pursuant to Fed. R. Civ. P. 69, Plaintiff is permitted to serve Defendant Ceballos with requests for production of documents, requests for admissions, written deposition questions, and 25

interrogatories. Fed. R. Civ. P. 69, 31, 33, 34, 36. After serving these discovery requests, Plaintiff may file a motion with the Court to seek permission to serve additional discovery requests.

3. Plaintiff is permitted to issue a subpoena to serve his discovery requests on Defendant Ceballos;

4. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B, one copy of form USM-285, a Notice of Submission of Documents form, and an instruction sheet;

5. Plaintiff has **thirty days** from the date of service of this order to complete and return the Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    i.  A completed AO 88B form;

    ii.  A completed USM-285 form; and

    iii.  One copy of Plaintiff's discovery requests as described herein;

6. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve Defendant Ceballos pursuant to Federal Rule of Civil Procedure 45 without payment of costs.[3]

IT IS SO ORDERED.

Dated:   **April 27, 2026**       /s/ _Erica P. Grosjean_

                                 UNITED STATES MAGISTRATE JUDGE

---

[3] The U.S. Marshals Service shall serve the subpoena and discovery requests on Defendant Daniel Ceballos at the address listed on the unredacted Marshals Service of Process Receipt and Return, which was redacted and filed in this case on January 27, 2022. (ECF No. 37). If Plaintiff wishes to use an alternate address, Plaintiff may inform the Court.